# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3339

_____

United States of America,

        Appellee,

v.

Kenneth Dale Woods, Jr.,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: March 17, 2006
Filed: June 8, 2006

_____

Before COLLOTON, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Kenneth Dale Woods, Jr., pled guilty to two counts of unlawfully receiving a firearm in violation of 18 U.S.C. § 922(n), and two counts of unlawful possession of a firearm as a prohibited person, in violation of 18 U.S.C. § 922(g)(9). At sentencing, the district court[1] enhanced Woods's offense level pursuant to USSG § 2K2.1 of the United States Sentencing Guidelines after finding that Woods knowingly possessed

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

a sawed-off shotgun, and then sentenced Woods to 41 months' imprisonment on each count, to run concurrently. Woods appeals his sentence, and we affirm.

At sentencing, Woods objected to allegations in the presentence investigation report ("PSR") that he knowingly possessed a sawed-off shotgun, because the shotgun was not one of the firearms he admitted possessing when he pled guilty. The government presented the testimony of Brad Daniels, a deputy in the Taney County Sheriff's Department, to prove Woods's possession of the shotgun. Daniels testified that he initially approached Woods at his residence on August 16, 2004, because he had received information that a stolen go-cart might be there. According to Daniels, Woods first stated that the go-cart was not at his residence, but then told the officer that he had a "dune buggy" that might be what the officer was seeking. Woods took Daniels to a crawl space under the house and showed him the go-cart, which Woods claimed to have obtained from a man named Joshua Cummings.

Daniels asked Woods if Cummings had left a firearm there as well, and Woods replied that he had not. Daniels stated that Woods told him that Cummings had been carrying a sawed-off shotgun in a small black bag, but that Cummings had taken it with him. Daniels testified that Woods then went inside, purportedly to use the restroom. Shortly thereafter, Woods returned with a black nylon case containing a shotgun and some shells, explaining that Cummings must have left the shotgun there without Woods knowing about it.

Daniels further testified that he interviewed Cummings the following day, and Cummings admitted to taking the go-cart from his aunt's house. According to Daniels, Cummings also told him that he stole the shotgun from his mother's gun safe, took it to Woods's residence because he "did not want to get caught with it," and "gave it directly to Mr. Woods." (S. Tr. at 11). The district court denied Woods's objections to the PSR, and found specifically that Woods knew the shotgun was in his

house and knowingly possessed the shotgun. The court then sentenced Woods to 41 months' imprisonment, a term within the advisory sentencing guideline range.

On appeal, Woods argues that Daniels's hearsay testimony regarding the Cummings statements is not sufficiently reliable to support the district court's finding that Woods knowingly possessed the shotgun. Although Woods objected to factual allegations in the PSR regarding his possession of the shotgun, and argued that Cummings was not credible, he did not object to Daniels's testimony during the sentencing hearing. Accordingly, we review for plain error. *United States v. Sharpfish*, 408 F.3d 507, 511 (8th Cir. 2005).

A district court may rely on hearsay evidence to resolve disputed facts at sentencing when the information has "sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3(a). The determination of whether hearsay is sufficiently reliable to support a sentencing determination necessarily depends upon the particular circumstances of each case. *United States v. Cassidy*, 6 F.3d 554, 557 (8th Cir. 1993). When a proper objection is made to the district court's consideration of the hearsay evidence, we review for abuse of discretion. *Id.* Plain error review, of course, is even more deferential. *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

We conclude that there was no error, because the district court did not abuse its discretion in relying on Daniels's testimony. In addition to relating Cummings's statement that he gave the gun to Woods, Daniels also testified that after he discussed the shotgun with Woods, Woods first claimed that Cummings left with the gun, but then went into his house and returned with the shotgun. Even without the information from Cummings, a reasonable factfinder could conclude that Woods knew the shotgun was in the house all along, went into the house to retrieve it after Daniels asked about the gun, and then sought to provide an innocent explanation for its presence. This conduct, together with the fact that Woods initially denied knowledge of the stolen go-

cart, provides circumstantial evidence of knowing possession that corroborates Cummings's statement that he gave the shotgun directly to Woods. Even uncorroborated hearsay may be admitted at sentencing if it bears sufficient indicia of reliability, *United States v. Mahler*, 984 F.2d 889, 904 (8th Cir. 1993), and we conclude that the district court did not commit error by considering the corroborated hearsay at issue in this case. *See United States v. Morin*, 437 F.3d 777, 781 (8th Cir. 2006); *United States v. Knight*, 96 F.3d 307, 310 (8th Cir. 1996).

The judgment of the district court is affirmed.

_____