# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4020

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　Plaintiff/Appellee,　　　　　*
　　　　　　　　　　　　　　　　　　* Appeal from the United States
　　　v.　　　　　　　　　　　　　　* District Court for the
　　　　　　　　　　　　　　　　　　* Southern District of Iowa.
Artur Chibukhchyan, also known as　　*
Arthur Grigoryan,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　Defendant/Appellant.　　　　*

_____

Submitted: June 12, 2007
Filed: July 2, 2007

_____

Before MURPHY, BEAM, and SHEPHERD, Circuit Judges.

_____

MURPHY, Circuit Judge.

Artur Chibukhchyan pled guilty to possession of a fraudulently obtained employment verification card in violation of 18 U.S.C. § 1546(a). The district court[1] sentenced him to time served. Chibukhchyan appeals his sentence, arguing that the district court erred in treating his sentence for earlier state convictions as a prior sentence for the purpose of determining his criminal history category. We affirm.

---

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

Chibukhchyan is an Armenian national who entered the country legally but overstayed his visa. On June 8, 2006 an Audubon County deputy approached him to inquire about a large number of cell phones that he had recently purchased. Chibukhchyan voluntarily accompanied the deputy to the sheriff's office to answer questions, and there he was asked to show identification. He was arrested when he produced a social security card that he had altered.

At the time of his arrest, he was also found in possession of a social security card and an employment authorization card in the name of Arthur Grigoryan. The employment authorization card had Chibukhchyan's photograph affixed to it. Chibukhchyan had been able to obtain the social security card and employment verification card in a false name by using counterfeit documents purchased from a private individual in California for $500 each. He bought the documents knowing that they were false and intending to use them to apply for United States naturalization and citizenship under the name Arthur Grigoryan.

Chibukhchyan was charged with violations of state law in connection with the altered social security card that he had provided to the Audubon deputy. This social security card was in Chibukhchyan's real name. He pled guilty in Iowa District Court for Audubon County to one count of forgery and one count of giving false information to law enforcement. He received a state sentence of one year deferred probation for the forgery count and seventy days time served for the false information count.

A federal grand jury then indicted Chibukhchyan on one count of possession of false identification documents in violation of 18 U.S.C. § 1028(a)(4) and one count of possession of an employment authorization card obtained by fraud in violation of 18 U.S.C. § 1546(a). Both charges related to the documents he had procured in the name of Arthur Grigoryan. Chibukhchyan pled guilty to possessing a fraudulently obtained employment verification card, and the other charge was dropped. His plea agreement preserved his right to challenge his sentence on appeal.

At sentencing Chibukhchyan objected to the recommendation in the presentence report (PRS) that he be assigned criminal history points for his state convictions. He argued that they should instead be considered relevant conduct under U.S.S.G. § 1B1.3. Adopting the recommendations in the PSR, the district court assigned Chibukhchyan two criminal history points for his state convictions, see U.S.S.G. §§ 4A1.1(b), 4A1.2(a)(2), after finding that those offenses were separate and unrelated to the federal conviction for which he was being sentenced. This placed Chibukhchyan in criminal history category II. With a total offense level of 6, including a two level reduction for acceptance of responsibility, see U.S.S.G. §§ 2L2.2(a), 3E1.1(a), this resulted in an advisory guideline range of one to seven months. The district court then sentenced Chibukhchyan to time served.

On appeal Chibukhchyan argues that the district court erred in treating his state and federal convictions as separate offenses in calculating his criminal history. Chibukhchyan concedes that a favorable outcome in this appeal would not affect the length of his federal sentence, but he contends that the finding that his state and federal convictions represented separate offenses might negatively impact him in the future by making him ineligible for admission to the United States or for adjustment of status or by exposing him to a longer sentence if he should ever be convicted of another federal offense. Although we may decline to review cases in which the appellant would receive the same sentence on remand, see United States v. Simpkins, 953 F.2d 443, 446 (8th Cir. 1992), we will not deny review where a defendant may suffer collateral consequences from a sentencing decision. See United States v. Torres, 409 F.3d 1000, 1002-03 (8th Cir. 2005) (gun enhancement might preclude eligibility for early release). The government does not contest Chibukhchyan's right to appeal the district court's sentencing determination.

The sole issue on appeal is whether the district court erred in treating Chibukhchyan's state sentence as a prior sentence warranting criminal history points under § 4A1.1. We review a district court's interpretation and application of the

sentencing guidelines de novo and its findings of fact for clear error. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). We will upset a district court's finding that a prior conviction was a separate offense only if it was clearly erroneous. United States v. Blumberg, 961 F.2d 787, 792 (8th Cir. 1992).

Under U.S.S.G. § 4A1.1, a defendant is assigned criminal history points for each prior sentence to which he was subject, although multiple prior sentences imposed in related cases are treated as one sentence for these purposes. U.S.S.G. § 4A1.2(a)(2). In this context the term "prior sentence" refers to "any sentence previously imposed . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). If the conduct is part of the instant offense, it is instead treated as "relevant conduct" under U.S.S.G. § 1B1.3 and does not increase the defendant's criminal history points. See U.S.S.G. § 4A1.2 cmt. application note 1. Prior criminal conduct is not part of the offense of conviction if it was a "severable, distinct offense." Blumberg, 961 F.2d at 792. A number of factors are relevant in assessing the relatedness of a prior offense, including "temporal and geographical proximity, common victims, and a common criminal plan or intent." Id.

We cannot say that the district court clearly erred in finding that Chibukhchyan's state convictions were distinct and severable from his present conviction for possession of a fraudulently obtained employee authorization card. The fact that the arrest for the state offenses led to the discovery of evidence of this federal offense is not sufficient to require that the conduct be considered related. See United States v. Troncoso, 23 F.3d 612, 616-17 (1st Cir. 1994). Nor is it dispositive that Chibukhchyan had both sets of fraudulent documents in his possession at the same time. See United States v. Torres-Diaz, 60 F.3d 445, 448 ("defendant is not entitled to merge all criminal activities simply because these activities occurred over a single span of time"). The conduct giving rise to the state and federal offenses is distinct.

The present offense involved the purchase of fraudulent documents in the name of Arthur Grigoryan from a private individual in California. In contrast, Chibukhchyan's state convictions stemmed from his own alteration of a social security card in his real name, as well as his use of that card to identify himself falsely to an Audubon County deputy. These offenses do not reflect a common plan or intent since Chibukhchyan admittedly procured documents in a false name in order to apply for citizenship; an altered social security card in his own name could hardly have furthered that purpose. We conclude that the district court did not err in determining that the sentence Chibukhchyan received for his state convictions was a prior sentence within the meaning of § 4A1.2.

Accordingly, we affirm the judgment of the district court.

_____