# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2275
_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * |
| v. | * |
| | * |
| Meagan Elizabeth Montgomery, | * |
| | * |
| Defendant - Appellant. | * |

_____

No. 07-2293
_____

Appeals from the United States
District Court for the Eastern
District of Arkansas.

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * |
| v. | * |
| | * |
| Holly Danielle Longoria, | * |
| | * |
| Defendant - Appellant. | * |

_____

Submitted: March 12, 2008
Filed: May 12, 2008

_____

Before WOLLMAN, HANSEN, and MELLOY, Circuit Judges.
_____

MELLOY, Circuit Judge.

Meagan Elizabeth Montgomery, Holly Danielle Longoria, and thirty-seven other individuals were indicted for their participation in a methamphetamine-trafficking organization. Montgomery pled guilty to conspiracy to distribute more than 50 grams of methamphetamine. See 21 U.S.C. §§ 841(a)(1) and 846. The statutory mandatory minimum sentence was 5 years. However, Montgomery qualified for safety valve relief, and thus the statutory minimum did not apply. See 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. The district court[1] used the calculations in the presentence investigation report, which included a two-level reduction for safety valve relief and a two-level reduction for acceptance of responsibility. The district court granted Montgomery an additional one-level reduction for acceptance of responsibility. The district court found Montgomery's Total Offense Level to be 21 with a Criminal History Category I, resulting in an advisory Guidelines range of 37 to 41 months of imprisonment. The district court then granted the government's motion for a substantial assistance departure under U.S.S.G. § 5K1.1 and sentenced Montgomery to 18 months of imprisonment, a fifty percent reduction from the bottom of her Guidelines range. Montgomery appeals, arguing that the district court erred by failing to follow mandatory procedures when calculating her sentence, that the district court erred by denying her requests for three downward departures, and that her sentence is unreasonable.

Longoria pled guilty to conspiracy to launder drug proceeds. See 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h). The district court found her applicable Guidelines range to be 51 to 63 months of imprisonment. The district court granted the

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

government's motion for a substantial assistance departure under U.S.S.G. § 5K1.1 and sentenced Longoria to 25 months of imprisonment, a fifty percent reduction from the bottom of her Guidelines range. Longoria appeals, arguing that her sentence is unreasonable compared to a co-defendant of equal culpability.

We find Montgomery's arguments to be without merit. First, the district court did not treat the Guidelines as mandatory and considered the § 3553(a) factors as well as Montgomery's rehabilitation, employment, and continued education. We note that the district court improperly stated that Montgomery's Guidelines range was 37 to 41 months of imprisonment. The proper range for an Offense Level 21 and Criminal History Category I is 37 to 46 months of imprisonment. However, the district court's error was harmless. Second, a district court's decision to deny downward departures is unreviewable "unless the district court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure[s]." United States v. Johnson, 517 F.3d 1020, 1023 (8th Cir. 2008). Montgomery does not allege that either exception existed. Third, we review the district court's sentence for reasonableness. Gall v. United States, 128 S. Ct. 586, 594 (2007); United States v. Hill, 513 F.3d 894, 898 (8th Cir. 2008). The reasonableness of the sentence is reviewed under a deferential abuse-of-discretion standard. Gall, 128 S. Ct. at 591; Hill, 513 F.3d at 898. The district court articulated its reason for imposing the sentence and properly considered the § 3553(a) factors. There is nothing to indicate the district court abused its discretion.

Likewise, we find Longoria's argument to be without merit. The district court considered the arguments of counsel and was well aware of the sentences imposed on Longoria's co-defendants. The district court did not abuse its discretion in imposing a sentence that was more than fifty percent below the applicable Guidelines range.

We affirm the sentences imposed by the district court in accordance with Eighth Circuit Rule of Appellate Procedure 47B.

_____