# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2671

———————

United States of America,     *
   *
      Appellee,     *
   *     Appeal from the United States
     v.     *     District Court for the Eastern
   *     District of Missouri.
Kelly L. Phelps,     *
   *
      Appellant.     *

———————

Submitted: March 12, 2008
Filed: August 5, 2008

———————

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

———————

BENTON, Circuit Judge.

Kelly Lee Phelps pled guilty to possession of pseudoephedrine with intent to manufacture methamphetamine, 21 U.S.C. § 841(a)(1). The district court[1] sentenced him to 84 months' imprisonment (before credit for 6 months served). Phelps appeals, asserting sentencing errors. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

At sentencing, the district court first reviewed the presentence report. Phelps objected to the three criminal history points assessed for his state conviction for possession of anhydrous ammonia (under U.S.S.G. § 4A1.1). The court overruled the objection, and adopted the report, finding Phelps's total offense level as 23 and criminal history category as V, resulting in a range of 84 to 105 months.

Phelps asked for a below-guidelines sentence. His counsel requested departures based on over-representation of criminal history and extraordinary family circumstances. Phelps's infant son, Keaton, was born with severe brain damage, requiring constant care. Phelps argued that his presence was important to provide care and money. He also urged a reduction based on the 18 U.S.C. § 3553 factors, noting his troubled childhood, desire for addiction treatment, acceptance of responsibility, and low risk of recidivism. The government did not dispute the facts of Phelps's childhood or Keaton's health, but urged a substantial period of incarceration, citing the severity of Phelps's addiction. Phelps then addressed the court, expressing remorse and desire for treatment. The court questioned Phelps and counsel, concerned whether he would actually benefit Keaton or beat his addiction.

The court acknowledged the unfortunate circumstances of Keaton's health and Phelps's childhood, concluding, "The first time you started using meth was the road to the abandonment of those who cared the most about you as well as the abandonment of yourself." The court told Phelps, "You kind of did [throw in the towel], and now, now, what you look for from the Court is some type of lifeline, some type of lifeline to pull you out of this smoldering, bubbling, boiling soup that you have gotten yourself into. Those lifelines don't come around that often, Mr. Phelps. They are not that easy to throw out there." The court reiterated its concern whether Phelps would benefit his family or resume his addiction. The court stated:

> [W]hat happens for this child who requires so very much attention that
> things just get so tense, so highly emotionally charged that you just can't

take it anymore? If you walked out of this courtroom right now or you walked out of a cell in February and you were there for a month, two months, or three months, assuming you were able to get a job and get your business back up together that you kind of blew because of the meth, what would happen? Would that be a benefit for Keaton? Would Keaton have the same services available to him then that he has now? The other question is, Who is this really for? Is it for you? Is it for Keaton? Is it for your fiance? Is it for society?

The court concluded its reasoning by stating:

I frankly am not convinced that, A, your criminal history should be reduced, or B, and it may be more importantly B, that considerations under 3553 are sufficient enough to warrant factually my in essence giving you a break. Once you cut through all the legal stuff, it means giving you a break, okay, for your particular circumstances, you know, because that language talks about sufficient but not greater than necessary to achieve the ends, and ultimately the bottom line as we talk about sentencing, what are the goals of sentencing in relation to you, in relation to society, in relation to your family and the needs of your family because it is the needs of your family which is really at the heart of your attorney's request, and I am just not convinced that doing anything less than the presumed guideline provision would do anything for them let alone to society or ultimately for you.

The court sentenced Phelps to 84 months' imprisonment, followed by two years' supervised release. Phelps's counsel requested credit, under U.S.S.G. § 5G1.3(c), for the 6 months Phelps had already served. The court granted this request, reducing the sentence to 78 months. Phelps appeals.

## II.

Reviewing a sentence, this court first determines whether the district court committed a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts,

or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). If a defendant fails to timely object to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error. *See United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (en banc); *United States v. Alvizo-Trujillo*, 521 F.3d 1015, 1018 (8th Cir. 2008). Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights. *Johnson v. United States*, 520 U.S. 461, 466-67 (1997); **Fed. R. Crim. P. 52(b)**. If these conditions are met, an appellate court may exercise its discretion to correct a forfeited error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson*, 520 U.S. at 467, *quoting* **United States v. Olano**, 507 U.S. 725, 732 (1993).

## A.

Phelps asserts several procedural errors. First, that the district court applied a presumption of reasonableness to the guidelines, in violation of *Rita v. United States*, 127 S. Ct. 2456 (2007). *See* **Rita**, 127 S. Ct. at 2465 ("[T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply."). Phelps did not object in the district court, so plain error review applies. *Pirani*, 406 F.3d at 549; *Alvizo-Trujillo*, 521 F.3d at 1018. Phelps highlights the following statement by the district court: "I am just not convinced that doing anything less than the *presumed guideline provision* would do anything for them let alone to society or ultimately for you." (emphasis added). Phelps argues that, because of an impermissible presumption, the district court ignored the other § 3553(a) factors. He relies on the following statement by the district court: "I frankly am not convinced that . . . considerations under 3553 are sufficient enough to warrant factually my in essence *giving you a break*." (emphasis added).

Sentencing occurred on June 29, 2007, more than a week after *Rita*. *See* **Rita**, 127 S. Ct. at 2456 (decided on June 21, 2007). "Trial judges are presumed to know the law and to apply it in making their decisions." *Walton v. Arizona*, 497 U.S. 639,

653 (1990), *overruled on other grounds by **Ring v. Arizona***, 536 U.S. 584, 609 (2002). The district court here is presumed to have known, at sentencing, that *Rita* prohibited a presumption of reasonableness by sentencing courts. *See **United States v. Gray***, No. 07-2099, slip op. at 2 (8th Cir. July 18, 2008) (noting that *Rita* was not an "obscure decision[] likely to have been overlooked by federal sentencing judges"). The reference to "presumed guideline provision" is not sufficient to overcome this presumption. *See **United States v. Sigala***, 521 F.3d 849, 851 (8th Cir. 2008) (district court did not apply a presumption of reasonableness when it stated: "To assist your attorney and the government and me, for that matter, to determine what a reasonable sentence is, we use the Federal Sentencing Guidelines."); ***United States v. Robinson***, 516 F.3d 716, 718 (8th Cir. 2008) (district court did not apply a presumption of reasonableness by stating "that Robinson's case was not 'special' enough to emerge from the 'primordial soup' of initial sentencing considerations represented by the Guidelines."). *Cf. **Alvizo-Trujillo***, 521 F.3d at 1017-18 (district court erred, without prejudice, when it stated, "the guideline range is presumptively a reasonable range."); ***United States v. Vaughn***, 519 F.3d 802, 805 (8th Cir. 2008) (district court erred, without prejudice, by stating: "I cannot find . . . that the *presumptively reasonable guidelines* in this case are not reasonable.") (emphasis in original); ***United States v. Burnette***, 518 F.3d 942, 947-48 (8th Cir. 2008) (district court erred, without prejudice, when it stated: "A sentence within the guidelines is presumed to be reasonable . . . ."); ***United States v. Marston***, 517 F.3d 996, 1005-06 (8th Cir. 2008) (district court erred, without prejudice, by stating: "That's where you start, is determine what the guidelines are, and then start there, *presuming that you're in a reasonable area to start with*, and then determine if there's a basis to go outside of it.") (emphasis in original).

Phelps also maintains that the district court procedurally erred by not adequately explaining its reasons for the sentence, in violation of § 3553(c). *See **18 U.S.C. § 3553(c)*** ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . ."). Again, he did not object in the district court, so plain error review applies. *See **United States v. Guarino***, 517 F.3d 1067, 1068 (8th Cir. 2008). When analyzing the § 3553(a) factors, the district

court is not required to provide a full opinion in every case. *Rita*, 127 S. Ct. at 2468. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* "The appropriate length of the statement will vary by case and may be relatively brief if the district court rests its decision on the Sentencing Commission's reasoning and 'decides to apply the Guidelines to a particular case.'" *United States v. Roberson*, 517 F.3d 990, 994 (8th Cir. 2008), *quoting Rita*, 127 S. Ct. at 2468. "In making this determination, this court examines the entire sentencing record, not just the district court's statements at the hearing." *Guarino*, 517 F.3d at 1069.

Phelps contends that the district court ignored his unique family circumstances, disadvantaged childhood, desire for drug addiction treatment, favorable employment history, remorse, potential success at rehabilitation, and low risk of recidivism. In fact, the court listened to Phelps's arguments supporting a non-guidelines sentence, and discussed several § 3553(a) factors, including criminal history, family circumstances, need for drug treatment, and risk of recidivism. The district court found this was a typical case, and Phelps's circumstances did not warrant a lower sentence. The court concluded: "I frankly am not convinced that . . . considerations under 3553 are sufficient enough to warrant factually my in essence giving you a break." The district court certainly considered Phelps's arguments and had a reasoned basis for its decision. *See Sigala*, 521 F.3d at 851 (statement of reasons was legally sufficient where "the court listened to [the defendant's] arguments, but simply found the proffered circumstances insufficient to warrant a sentence lower than the advisory sentence . . . ."); *Burnette*, 518 F.3d at 948-49 (district court adequately explained its reasons for a guidelines sentence where it listened to all of the defendant's arguments, discussed several § 3553(a) factors, and ultimately concluded that the case was not appropriate for a variance). The district court did not commit *Rita* error.

Next, Phelps contends that the district court procedurally erred by considering improper factors. *See United States v. Pepper*, 518 F.3d 949, 953 (8th Cir. 2008) (consideration of improper factors is procedural error). Again, he did not object in the

district court, so plain error review applies. *See **Burnette***, 518 F.3d at 949. Phelps first asserts that the district court improperly considered the nature of addiction and the quality of assistance Phelps would actually provide Keaton. These considerations directly relate to the history and characteristics of Phelps and the need to provide him with treatment, which are § 3553(a) factors. *See* **18 U.S.C. § 3553(a)(1), (a)(2)(D)**.

Phelps also claims the district court improperly relied on an assumption that he had waived his right to appeal a guidelines sentence. At the very end of the sentencing hearing, after announcing its sentence, the court explained Phelps's appeal rights: "In any event, I think many aspects of your rights of appeal may have been waived by virtue of your plea of guilty, but I do know for sure that you did reserve those that might relate to ineffective assistance of counsel and prosecutorial misconduct, okay?" This was not a factor in sentencing Phelps, as the sentence had been announced. The district court did not consider improper factors.

The *Gall* mandate that a sentencing judge "make an individualized assessment based on the facts presented" was satisfied here. *See **Gall***, 128 S. Ct. at 597. The sentencing transcript contains 27 pages of colloquy between Phelps, his counsel, the government, and the district court. The court twice questioned Phelps personally about his arguments and requests. Following this exchange, the transcript contains 5 pages of the court's explanation of its sentence. The district court made an individualized assessment, based on Phelps's particular circumstances. No *Gall* error occurred.

B.

Phelps asserts that the district court also procedurally erred by failing to rule on two requested departures. He first requested a departure for overstatement of his criminal history. *See* **U.S.S.G. § 4A1.3(b)(1)**. The district court specifically rejected this: "I frankly am not convinced that, A, your criminal history should be reduced . . . ." Phelps also sought a departure for unique family circumstances. *See* **U.S.S.G. §**

**5H1.6**. The district court rejected this request, when it stated that, "it is the needs of your family which is really at the heart of your attorney's request, and I am just not convinced that doing anything less than the presumed guideline provision would do anything for them let alone to society or ultimately for you." The district court did not fail to rule on the requested departures. Once it ruled, "a district court's decision to deny downward departures is unreviewable 'unless the district court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure[s].'" *United States v. Montgomery*, 525 F.3d 627, 629 (8th Cir. 2008), *quoting* *United States v. Johnson*, 517 F.3d 1020, 1023 (8th Cir. 2008). As there is no indication of either circumstance, the denial of Phelps's requested departures is unreviewable.

C.

Phelps appeals the district court's calculation of his criminal history category, contesting the inclusion of his state offense for possession of anhydrous ammonia as a prior sentence. Under U.S.S.G. § 4A1.1, a defendant receives criminal history points for each prior sentence. **U.S.S.G. § 4A1.1**. "The term 'prior sentence' means any sentence previously imposed . . . for conduct not part of the instant offense." **U.S.S.G. § 4A1.2(a)(1)**. If the conduct is part of the instant offense, it is instead treated as relevant conduct and is considered in the calculation of the defendant's offense level, not criminal history category. *See* **U.S.S.G. § 1B1.3(a)**; *United States v. Chibukhchyan*, 491 F.3d 722, 725 (8th Cir. 2007). Relevant conduct includes "all acts . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." **U.S.S.G. § 1B1.3(a)(1)**. In contrast, if the prior criminal conduct is severable and distinct, it is not relevant conduct. *See Chibukhchyan*, 491 F.3d at 725. "Factors useful in determining whether the two offenses are severable and distinct are temporal and geographical proximity, common victims, common scheme, charge in the indictment, and whether the prior conviction is used to prove the instant offense." *United States v. Stone*, 325 F.3d 1030, 1032 (8th Cir. 2003).

Phelps was arrested for possession of anhydrous ammonia on June 4, 2005 (but not sentenced until September 6, 2006). The federal offense occurred June 30, 2006. The district court assessed three criminal history points under U.S.S.G. § 4A1.1 for the state anhydrous-ammonia offense, finding it was a prior sentence, and not relevant conduct. Phelps insists that the state offense was part of the same course of conduct as the federal offense. He did object in the district court, so this court reviews "the district court's findings of fact for clear error and its interpretation and application of the Guidelines de novo." *United States v. Starr*, No. 07-2397, slip op. at 19-20 (8th Cir. June 23, 2008). "Whether a conviction was relevant conduct involves a fact intensive inquiry, an inquiry well within the district court's sentencing expertise and greater familiarity with the factual record." *Stone*, 325 F.3d at 1031 (internal citation and quotation marks omitted).

The state and federal offenses are distinct and severable. The state offense did not occur during the commission of the federal offense, in preparation for the federal offense, or in the course of attempting to avoid detection for the federal offense. *See* **U.S.S.G. § 1B1.3(a)(1)**. In fact, the offenses were separated by more than one year. *See **United States v. Davidson***, 195 F.3d 402, 409 (8th Cir. 1999) (possession convictions were not relevant conduct to a conspiracy offense where the acts were separated by almost two months, and there was no common plan or victim). *Cf.* **United States v. Ault**, 446 F.3d 821, 824 (8th Cir. 2006) (exchange of pseudoephedrine pills for meth was related to charge of attempting to manufacture meth because they occurred within a six-week period). The offenses were not charged in the same indictment, and the state offense was not used to prove the federal offense. *Cf.* **United States v. Kenyon**, 7 F.3d 783, 787 (8th Cir. 1993) (possession of cocaine offense was part of conspiracy to possess with intent to distribute cocaine offense, where both occurred during the same time period and the possession offense would have been used as evidence of the conspiracy offense). The district court did not err by including the state offense as a prior sentence.

## III.

Phelps argues that the sentence is substantively unreasonable. "In contrast to procedural errors, a defendant does not forfeit an attack on the substantive reasonableness of a sentence by failing to object in the district court." *Vaughn*, 519 F.3d at 805. This court reviews the substantive reasonableness of a sentence for an abuse of discretion. *Gall*, 128 S. Ct. at 597. "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." *Robinson*, 516 F.3d at 717. Phelps essentially reasserts the arguments made to the district court. The district court considered Phelps's arguments and found them unpersuasive. It did not abuse its discretion in imposing a sentence at the bottom of the guidelines range.

## IV.

The judgment of the district court is affirmed.

_____