# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1991

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　*　District of Minnesota.
Luetta Kaye Jacobsen,　　　　　　*
　　　　　　　　　　　　　　　　*　　　[UNPUBLISHED]
　　　　　　　　Appellant.　　　*

_____

Submitted: November 10, 2008
Filed: January 21, 2009

_____

Before MURPHY, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Luetta Kaye Jacobsen (Jacobsen) pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. At sentencing, the district court[1] denied Jacobsen's motion for a downward departure for her family responsibilities under § 5H1.6 of the United States Sentencing Guidelines (Guidelines). We affirm.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

## I.    BACKGROUND

In 1989, Jacobsen moved to Cabo San Lucas, Mexico (Cabo). Jacobsen began working as a real estate agent in Cabo and eventually became an independent franchisee of Coldwell Banker real estate company. As part of her real estate agency, Jacobsen maintained an escrow account with First International Bank (FIB) in San Diego, California. Jacobsen directed clients who wanted to purchase real estate in Cabo to wire funds for the purchase of the Cabo property to the FIB escrow account. Jacobsen told her clients the money wired to the escrow account would be held in the account and used to purchase the property the client desired.

In September 2001, one of Jacobsen's clients wired money to the FIB escrow account for the purchase of property in Cabo. The client learned in December 2001 Jacobsen had not used the money wired to the FIB escrow account for the acquisition of the Cabo property. A subsequent investigation by the Federal Bureau of Investigation revealed Jacobsen had been transferring some of the money her clients were wiring to the FIB escrow account to various bank accounts in Mexico. Jacobsen then used the clients' money for Jacobsen's own personal expenses and other liabilities rather than the purchase of the clients' designated property.

On September 19, 2006, a federal grand jury indicted Jacobsen on one count of wire fraud, a violation of 18 U.S.C. § 1343, in connection with the money Jacobsen's client wired to the FIB escrow account in September 2001. Jacobsen pled guilty to this charge on August 17, 2007. Before her sentencing hearing, Jacobsen filed a motion asking the district court for a downward departure under § 5H1.6 of the Guidelines due to her family circumstances and responsibilities.

At the sentencing hearing, the district court denied Jacobsen's motion for a downward departure. The district court then sentenced Jacobsen to 27 months imprisonment, payment of $804,035.14 in restitution, payment of a $100 special assessment, and three years supervised release. This appeal follows.

## II. DISCUSSION

Jacobsen argues the district court abused its discretion in denying her motion for a downward departure under § 5H1.6. Jacobsen contends a downward departure was warranted because she is the sole caretaker, as well as the only financial and emotional support, for her husband, who has several serious health problems which make day-to-day tasks virtually impossible for him to perform.

Once a district court denies a motion for a downward departure under § 5H1.6, the district court's decision is unreviewable unless there has been a claim that the district court acted with an unconstitutional motive or was unaware of its authority to make a downward departure. See United States v. Phelps, 536 F.3d 862, 868 (8th Cir. 2008) (quoting United States v. Montgomery, 525 F.3d 627, 629 (8th Cir. 2008)); United States v. Orozco-Rodriguez, 220 F.3d 940, 942 (8th Cir. 2000) (affirming a denial of a request for a downward departure under § 5H1.6 because "we have consistently held that the district court's decision *not* to depart downward is unreviewable so long as the court was aware of its authority to depart").

Neither of the exceptions for reviewing a district court's denial of a downward departure is present in Jacobsen's case. Jacobsen does not allege the district court acted with any unconstitutional motive, and the district court was aware of its authority to depart downward under § 5H1.6. During the sentencing hearing, the district court heard argument from Jacobsen's counsel and the government regarding Jacobsen's family circumstances and her motion for a downward departure. The district court then "accept[ed] basically the representations made by Ms. Jacobsen with respect to her husband and her caring for him in his medical condition as true and accurate," and denied Jacobsen's motion for a downward departure. The district court explained it did "not think this is a case which is so out of the ordinary from other cases where a primary caregiver commits a crime," and "[t]he crime which was committed here is an

-3-

extremely serious one." Based upon this record, there are no grounds to reverse the district court's denial of Jacobsen's motion for a downward departure.[2]

## III.    CONCLUSION
The judgment of the district court is affirmed.

_____

---

[2]The government also argues the district court's sentence was both procedurally and substantively reasonable under Gall v. United States, __U.S. __, 128 S. Ct. 586 (2007). Jacobsen has not raised any challenge to the reasonableness of the sentence. Jacobsen confined her arguments to the district court's denial of her motion for a downward departure under § 5H1.6. Thus, we need not address the government's superfluous argument regarding the reasonableness of Jacobsen's sentence.