# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3742

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Tyrone D. Williams, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 16, 2009
Filed: December 9, 2009

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Tyrone David Williams challenges his 24-month prison sentence for aiding and abetting health care fraud, in violation of 18 U.S.C. §§ 1347, 2. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

I.

While on supervised release for a felony conviction, Williams devised a scheme to defraud Medicaid of $49,117.25. He pled guilty pursuant to a plea agreement.

At sentencing, the district court[1] explained that the advisory guidelines range was 15 to 21 months. Both parties requested a sentence within the range. The court, however, sentenced Williams to 24 months, basing the upward variance on his prior conviction for fraud and the need for deterrence. He appeals, arguing the court abused its discretion by imposing an above-guidelines sentence.

## II.

Reviewing a sentence, this court first determines whether the district court committed significant procedural error. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), *citing Gall v. United States*, 552 U.S. 38, 51 (2007). Procedural error includes failing to consider the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Vaughn*, 519 F.3d 802, 804 (8th Cir. 2008). This court reviews allegations of procedural error initially raised on appeal for plain error. *See United States v. Phelps*, 536 F.3d 862, 865 (8th Cir. 2008). Under plain error review, a defendant must first show an error. *Id.*

Williams contends that the district court erred by not adequately considering the lighter sentences other defendants received for similar crimes, and his physical and mental health. *See Gall*, 552 U.S. at 49-50 (explaining that a district court should consider the § 3553(a) factors to determine whether they support the sentence).

The district court here adequately considered the § 3553(a) factors. At sentencing, the court explained that it based the upward variance on Williams's significant criminal history and in order to deter Williams and others. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C). The court also heard Williams's argument about his health problems, recommending incarceration at a facility that could address them. *See*

---

[1] The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

*United States v. Miles*, 499 F.3d 906, 909 (8th Cir. 2007) (noting that a district court adequately addressed defendant's health history by listening to arguments about it and recommending treatment in an appropriate facility). The court properly considered the § 3553(a) factors and did not commit error in imposing a sentence above the guidelines range.

This court next reviews the sentence for substantive reasonableness under an abuse of discretion standard. *United States v. Toothman*, 543 F.3d 967, 970 (8th Cir. 2008). Under abuse of discretion review, this court considers the totality of the circumstances and gives deference to the district court's determination that the § 3553(a) factors justify the extent of a variance from the guidelines range. *United States v. Hill*, 552 F.3d 686, 690 (8th Cir. 2009). Based on the totality of the circumstances – including the extent of the variance, Williams's prior fraud conviction, and the court's stated goal of deterrence – this court finds no abuse of discretion and that the sentence is substantively reasonable.

III.

In a pro se supplemental brief, Williams argues that his statements at sentencing (about never intending to defraud anybody) should have led the district court to vacate his guilty plea. A district court may permit withdrawal of a guilty plea before imposing sentence if the defendant shows a fair and just reason. *See United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997). A defendant may not, however, challenge a guilty plea for the first time on direct appeal. *See United States v. Villareal-Amarillas*, 454 F.3d 925, 932 (8th Cir. 2006). In this case, Williams did not move to withdraw his guilty plea. The record does not show that the district court abused its discretion in not sua sponte setting aside Williams's guilty plea. *See United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001) (holding that naked claims of innocence

are insufficient to mandate withdrawal of a guilty plea).  Williams's pro se argument is without merit.[2]

IV.

The judgment of the district court is affirmed.

_____

---

[2] This court has reviewed the additional arguments raised in Williams's supplemental brief, and concludes that further discussion would have no precedential value.  *See* 8th Cir. R. 47B.