# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3272

_____

United States of America,                          *
                                                   *
            Appellee,                              *
                                                   *    Appeal from the United States
      v.                                           *    District Court for the Southern
                                                   *    District of Iowa.
Jerimiah Quinn,                                    *
                                                   *    [UNPUBLISHED]
            Appellant.                             *

_____

Submitted: March 9, 2012
Filed: March 14, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Jerimiah Quinn challenges the 188-month prison term the district court[1] imposed after Quinn pled guilty to a drug offense. Quinn's counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is unreasonable in light of the 18 U.S.C. § 3553(a) factors, because Quinn's career-offender status--to which he stipulated in his written plea agreement--overstates his criminal history, and because he has mitigating circumstances.

_____

[1] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Upon careful review, we conclude that the district court did not impose an unreasonable sentence: nothing in the record indicates the court overlooked or misapplied a relevant section 3553(a) factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing appropriate factors. See United States v. Peck, 496 F.3d 885, 891 (8th Cir. 2007) (sentence within Guidelines range is cloaked in presumption of reasonableness on appeal; to rebut presumption, defendant must show that district court failed to consider relevant § 3553(a) factor, gave significant weight to improper or irrelevant factor, or committed clear error of judgment in weighing appropriate factors); see also United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (appellate court reviews sentencing decision for abuse of discretion, first ensuring that district court committed no procedural error, and then considering substantive reasonableness of sentence); United States v. Swehla, 442 F.3d 1143, 1145-46 (8th Cir. 2006) (where defendant had, inter alia, agreed in plea agreement to career-offender classification, rejecting defendant's argument that sentence at top of Guidelines range was unreasonable because it overstated his criminal history).[2]

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel leave to withdraw, subject to counsel informing Quinn about the procedures for seeking rehearing and petitioning for a writ of certiorari.

_____

[2]In addition, we note that--to the extent the Anders brief may be construed as challenging the district court's decision not to grant Quinn a downward departure under U.S.S.G. § 4A1.3(b)--that the decision is unreviewable. See United States v. Phelps, 536 F.3d 862, 868 (8th Cir. 2008) (district court's decision to deny downward departure is unreviewable unless court had unconstitutional motive or erroneously thought it was without authority to grant departure).