# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-3500

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Sarah Jean Beranek,

*Defendant - Appellant.*

————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

————————

Submitted: April 8, 2015
Filed: April 15, 2015
[Unpublished]

————————

Before BYE, COLLOTON, and SHEPHERD, Circuit Judges.

————————

PER CURIAM.

After Sarah Beranek pleaded guilty to drug offenses, the district court[1] imposed consecutive sentences totaling 109 months in prison and three years of supervised

---

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

release, after granting the government's U.S.S.G. § 5K1.1 departure motion, reducing the Guidelines range by 10%, and sentencing Beranek at the top of the reduced range. Beranek appeals. Her counsel has moved to withdraw, and in a brief filed under *Anders v. California*, 386 U.S. 738 (1967), counsel argues that the sentence is unreasonable.

Upon careful review, we conclude that the sentence is not unreasonable. *See United States v. Montgomery*, 525 F.3d 627, 629 (8th Cir. 2008) (standard of review). The district court correctly calculated the advisory Guidelines range, permissibly granted the downward departure, and properly considered and weighed relevant sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Although the sentence falls within the Guidelines range calculated before accounting for the substantial-assistance reduction, the sentence also falls within the Guidelines range reduced by 10%. Further, the court pointed out that it had granted a 12-month reduction, indicating that without the substantial-assistance reduction, Beranek would have received a 121-month prison sentence. *See United States v. Deering*, 762 F.3d 783, 786 (8th Cir. 2014).

Having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

Judge Colloton would grant counsel's motion to withdraw.  *See United States v. Eredia*, 578 Fed. Appx. 620, 621 (8th Cir. 2014) (Colloton, J., concurring in part and dissenting in part).

_____