# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1269

_____

United States of America

*Plaintiff - Appellee*

v.

Carron Primus, also known as Carron Bell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 10, 2018
Filed: March 6, 2018
[Unpublished]

_____

Before LOKEN, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

Carron Primus pleaded guilty to one count of racketeering in violation of 18 U.S.C. § 1952. He appeals the district court's[1] above-Guidelines sentence.

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

The unlawful activity at the core of Primus's racketeering conviction was prostitution. He was a pimp, and his victim was Jane Doe. Primus provided food and shelter for Jane Doe, he advertised Jane Doe's services on the internet, and he arranged for Jane Doe to see approximately six "Johns" a night. All the money that Jane Doe earned, Primus took. Jane Doe was unwilling to go on calls sober, so Primus would ply her with heroin. But that also made her sleepy, so Primus gave her crack cocaine to wake her up. Primus and Jane Doe argued, and their arguments at time escalated into physical violence—Primus would choke, push, and throw things at Jane Doe. On one occasion, he hit her in the face when she resisted meeting a John without heroin and without a condom. Primus gave Jane Doe two black eyes and a bruised nose.

Primus admitted these facts in a plea agreement with the government. His uncontested Guidelines range was 30 to 37 months, which included a four-level increase in his offense level for victim coercion under USSG § 2G1.1(b)(1). The government moved for an upward variance to the statutory maximum of 60 months or, in the alternative, an upward departure for physical injury, see USSG § 5K2.2, or extreme conduct, see USSG § 5K2.8.

At the sentencing hearing, the court concluded that "slight" upward departures for physical injury and extreme conduct were warranted, but also said it was granting the government's motion for an upward variance, determining that the 18 U.S.C. § 3553(a) sentencing factors required an above-Guidelines sentence. The district court sentenced Primus to 52 months.

On appeal, Primus argues that the district court impermissibly double counted his conduct toward Jane Doe when it increased his offense level by four levels for coercion, granted upward departures pursuant to § 5K2.2 and § 5K2.8, and granted an upward variance. When reviewing sentences "[w]e 'must first ensure that the district court committed no significant procedural error.'" United States v. Feemster,

572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007)).  However, Primus did not lodge this objection in the district court.  Accordingly,  we can review only for plain error.  <u>United States v. Phelps</u>, 536 F.3d 862, 865 (8th Cir. 2008).  "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights."  <u>Id.</u>  "A plain error is one that is clear or obvious under current law."  <u>United States v. Lovelace</u>, 565 F.3d 1080, 1092 (8th Cir. 2009).  A sentencing error affects substantial rights if there is "a 'reasonable probability,' based on the appellate record as a whole, that but for the error [the defendant] would have received a more favorable sentence."  <u>United States v. Pirani</u>, 406 F.3d 543, 552 (8th Cir. 2005).

Section 2G1.1(b)(1) provides a four-level increase if an offense such as Primus's "involved fraud or coercion."  The Guidelines commentary explains that "'coercion' includes any form of conduct that negates the voluntariness of the victim . . . for example in a case in which the ability of the victim to appraise or control conduct was substantially impaired by drugs . . . ."  USSG § 2G1.1 cmt. n.2.[2]  But the enhancement "anticipates no bodily injury."  <u>Id.</u>  Section 5K2.2, in contrast, authorizes the court to depart upward for "significant physical injury."[3]  Because different facts are relevant under these sections, the district court did not impermissibly double count Primus's conduct when imposing an upward departure based in part on the physical injury Jane Doe suffered at the hands of Primus.  <u>See</u> USSG § 5K2.2.

---

[2]Though this enhancement "generally will not apply if the drug . . . was voluntarily taken," USSG § 2G1.1 cmt. n.2, Primus does not raise this on appeal.

[3]" The extent of the increase ordinarily should depend on the extent of injury." USSG  § 5K2.2.

Section 5K2.8 allows an upward departure "[i]f the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim." The district court found[4] particularly troubling the facts that Primus provided Jane Doe with a near-constant stream of heroin and cocaine so that she would engage in prostitution, and that he caused Jane Doe prolonged humiliation and degradation by "taking advantage of a vulnerable person . . . for some period of time." The prolonged humiliation and degradation of Jane Doe supports the extreme conduct departure. USSG § 5K2.8 ("Examples of extreme conduct include . . . prolonging of pain or humiliation."). While some of the conduct overlapped, the district court found facts that went above and beyond basic coercion, and thus did not err when imposing a "slight" upward departure pursuant to § 5K2.8.

Primus also argues that the district court erred by both departing and varying upward based on the same conduct—his treatment of Jane Doe. Because we have already concluded the departures did not constitute procedural error, we understand Primus to argue that the variance was substantively unreasonable. The district court noted that "the statutory maximum . . . would be justified by the nature and circumstances of the offense," but "taking into account the defendant's own history and characteristics including his own substance abuse issues, and his own mental health issues," the court imposed a sentence of 52 months. We find nothing unreasonable about that determination.

We affirm the judgment of the district court.

_____

---

[4]Primus does not argue that the district court's factual findings were clearly erroneous.