# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3227

_____

United States of America

*Plaintiff - Appellee*

v.

Israel Angeles-Moctezuma

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 10, 2019
Filed: June 24, 2019

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

In 2018, Israel Angeles-Moctezuma pled guilty to Conspiracy to Distribute and Possession with Intent to Distribute Actual Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Angeles-Moctezuma objected to the Presentence Investigation Report's ("PSIR") description of the offense conduct and its proposed Sentencing Guidelines calculations.

The district court[1] held a contested evidentiary sentencing hearing on October 5, 2018, and after considering the evidence, overruled Angeles-Moctezuma's objections, found a Guidelines range of 360 months to life, and imposed a low-end sentence of 360 months' imprisonment. Angeles-Moctezuma appeals asserting the district court erred in three ways: (1) by basing its Guidelines calculations on unreliable hearsay evidence, (2) by denying his motion for a downward departure pursuant to U.S.S.G. §5H1.6, and (3) by denying his motion for a downward variance. We affirm.

## I.    Background

In 2015, the Drug Enforcement Agency ("DEA") began investigating a large-scale drug-trafficking ring that transported methamphetamine from California and Kansas City, Missouri, to the St. Louis, Missouri, area for distribution. The investigation revealed that Angeles-Moctezuma and Alan Cardenas served as sources of supply of the methamphetamine.

On October 12, 2016, a grand jury returned a 21-count Superseding Indictment against 42 defendants. Angeles-Moctezuma was charged in Count One with conspiracy to distribute and possess methamphetamine. On the morning of the first day of trial, he entered an open plea of guilty. In the factual basis Angeles-Moctezuma admitted that he agreed with other people to bring methamphetamine to Missouri and distribute it, he knew the quantity was 50 grams or more of actual methamphetamine, and he understood that his conduct was illegal.

A PSIR was prepared in anticipation of sentencing that detailed Angeles-Moctezuma's extensive involvement in the conspiracy. The PSIR recommended a

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

base offense level of 38 based on a drug quantity of at least 4.5 kilograms of actual methamphetamine, a two-level enhancement for possession of a dangerous weapon under U.S.S.G. §2D1.1(b)(1), and a four-level aggravating role enhancement under U.S.S.G. §3B1.1(a). Angeles-Moctezuma filed objections to the PSIR's description of the offense conduct, calculation of the drug quantity and corresponding base offense level, and application of sentencing enhancements. He also filed motions for a downward departure under U.S.S.G. §4A1.3 for overstated criminal history and U.S.S.G. §5H1.6 for his difficult upbringing in Mexico. In addition to the departures Angeles-Moctezuma sought a downward variance based on his acceptance of responsibility and his lack of violence in the conspiracy.

The sentencing hearing consisted of the testimony of a single witness, DEA Special Agent David Wilmsmeyer ("SA Wilmsmeyer"), who served as the primary case agent for most of the investigation. SA Wilmsmeyer's testimony touched upon a number of law enforcement operations, seizures of drugs and money, and interviews with cooperating witnesses. Defense counsel objected on hearsay grounds to testimony about co-conspirator Judy Collins's statements to the Utah Highway Patrol, arguing that the hearsay evidence lacked significant indicia of reliability. The court overruled the objection. Later when SA Wilmsmeyer began to testify about incriminating statements made by Angeles-Moctezuma, defense counsel made a continuing objection on hearsay grounds. The court overruled the objection.

At the close of testimony, the court overruled Angeles-Moctezuma's objections to the PSIR and adopted the PSIR, finding "that the Government has shown by way more than a preponderance of the evidence that the calculations in the [PSIR] are not only correct but conservative" and that "when you take [Angeles-Moctezuma's] admission of the elements of the crime along with [the government's] evidence, it's overwhelming." The district court found a total offense level of 42 and a criminal history category of II, which placed Angeles-Moctezuma in an advisory Guidelines range of 360 months to life.

The court denied Angeles-Moctezuma's motions for a downward departure and a downward variance and sentenced him to the low-end 360 months' imprisonment, followed by five years of supervised release. During the sentencing the district court addressed each of Angeles-Moctezuma's motions in turn. The court rejected Angeles-Moctezuma's argument that his criminal history was overstated, noting that he had three unscored prior convictions. The court acknowledged that Angeles-Moctezuma had a difficult upbringing, but after considering it, determined that his upbringing did not warrant a downward departure.

## II.    Discussion

### A.    Guidelines Calculations

Angeles-Moctezuma challenges the drug-quantity calculation and sentencing enhancements claiming the district court erred when it based its findings solely on the unreliable testimony "of a lone DEA agent" who based his testimony on the statements of "a cast of unsavory characters caught with illegal narcotics" without any independent corroboration. We review the district court's interpretation and application of the Guidelines *de novo* and its findings of fact for clear error. United States v. Sheridan, 859 F.3d 579, 583 (8th Cir. 2017). Where a proper objection is made to the district court's consideration of hearsay evidence, we review for abuse of discretion. Id. (citation omitted). If a defendant fails to object to the admission of hearsay evidence, we review using the more deferential standard, plain error. See United States v. Woods, 183 F. App'x 592, 594 (8th Cir. 2006) (per curiam) (citing United States v. Sharpfish, 408 F.3d 507, 511 (8th Cir. 2005)).

Angeles-Moctezuma specifically objected to SA Wilmsmeyer's testimony about Collins's statements to law enforcement and later made a continuing objection to SA Wilmsmeyer's testimony about Angeles-Moctezuma's own incriminating statements. No objection was raised to other extensive testimony relaying statements

made by other co-conspirators, which we understand to be within the "cast of unsavory characters" claim on appeal.

When confronted with disputed fact issues, a district court may rely on relevant hearsay evidence and other evidence that is inadmissible under the rules of evidence "so long as that evidence possesses sufficient indicia of reliability to support its probable accuracy." Sheridan, 859 F.3d at 583 (citation and internal quotation marks omitted). "This includes uncorroborated hearsay if the defendant has the opportunity to respond to and rebut the testimony." Id. In evaluating the reliability of hearsay evidence, we will consider the consistency of the proffered hearsay testimony, the timing and nature of the statements, the witness's impressions of the demeanor of the declarant's testimony, and any other evidence that tends to corroborate or contradict the statements. Id.

The hearsay evidence relayed by SA Wilmsmeyer possessed sufficient indicia of reliability to be considered by the district court. The co-conspirators' statements were corroborated by statements of other co-conspirators, searches and seizures made by law enforcement, law enforcement's visual and audio surveillance of Angeles-Moctezuma and his co-conspirators, and Angeles-Moctezuma's own statements in a post-Miranda interview. We find no abuse of discretion as to the hearsay evidence Angeles-Moctezuma objected to and no plain error as to the unobjected-to testimony. We further find no clear error in the court's findings regarding drug quantity, Angeles-Moctezuma's possession of a firearm, or his role in the offense.

## B.  *Motion for Downward Departure*

Angeles-Moctezuma next contends that the district court erred when it denied his motion for downward departure pursuant to U.S.S.G. §5H1.6. "[A] district court's decision to deny [a] downward departure[] is unreviewable 'unless the district court had an unconstitutional motive or erroneously thought that it was without authority

to grant the departure[].'" <u>United States v. Phelps</u>, 536 F.3d 862, 868 (8th Cir. 2008) (quoting <u>United States v. Montgomery</u>, 525 F.3d 627, 629 (8th Cir. 2008)).  Because we find that neither circumstance exists here, the denial of Angeles-Moctezuma's requested departure is unreviewable.

### C.    Motion for Downward Variance

Lastly, Angeles-Moctezuma challenges the district court's denial of his motion for a downward variance.  We review the denial of a motion for downward variance by reviewing the sentence for reasonableness, applying a deferential abuse-of-discretion standard.  <u>United States v. Acosta</u>, 619 F.3d 956, 962–63 (8th Cir. 2010) (quoting <u>United States v. Gonzalez</u>, 573 F.3d 600, 607 (8th Cir. 2009)). Angeles-Moctezuma's within-Guidelines sentence is presumptively reasonable, and we find on this record no clear error of judgment in weighing the relevant aggravating and mitigating factors.  <u>See</u> <u>United States v. Mitchell</u>, 914 F.3d 581, 587–88 (8th Cir. 2019) (citation omitted).  The record demonstrates the court considered the parties' arguments and provided a reasoned basis for imposing the sentence it did.  The court was within its discretion to rely primarily upon the seriousness of the offense, Angeles-Moctezuma's extensive role in the conspiracy, and his criminal history.

## III.   Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

_____