# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3414

_____

United States of America

*Plaintiff - Appellee*

v.

Michael John Walker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 14, 2019
Filed: February 27, 2020
[Unpublished]

_____

Before KELLY, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Michael Walker was convicted in 2015 of being a felon in possession of a firearm. On his first appeal, we vacated his sentence and remanded for reconsideration of whether he qualified as an armed career criminal. United States v. Walker, 840 F.3d 477, 490–91 (8th Cir. 2016). On remand, the government conceded

that the armed career criminal enhancement did not apply. In calculating Walker's new Guidelines range, the district court applied a four-level enhancement to his base offense level under USSG § 2K2.1(b)(6) for possessing a firearm "in connection with another felony offense" and resentenced him to a 96-month term of imprisonment. Walker appealed, and we reversed that sentence and remanded with instructions to resentence Walker without the firearm enhancement. United States v. Walker, 900 F.3d 995, 998 (8th Cir. 2018). At the October 24, 2018 resentencing hearing, the district court[1] imposed a 63-month term of imprisonment and a three-year term of supervised release. Taking into account good-time credits, Walker had already served more than 63 months in custody, so he was immediately released and began his term of supervised release. Now, on his third appeal, Walker contends the district court erred by imposing a supervised release term not offset by the time he spent in prison above his 63-month sentence and by denying his motion for a downward departure based on an allegedly incorrect criminal history category.[2]

First, as Walker concedes, United States v. Johnson, 529 U.S. 53 (2000), forecloses his argument that his supervised release period should be offset by his excess incarceration period. As the Supreme Court explained in Johnson, although incarceration and supervised release are "interrelated, the terms are not interchangeable." Id. at 58–59. "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." Id. at 59. And "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release." Id. Second, a district court's denial of a downward departure is unreviewable "unless the district court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure"—and Walker

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

[2]To the extent Walker moved for a variance, the district court did not err in denying the motion.

fails to allege either occurred here. United States v. Montgomery, 525 F.3d 627, 629 (8th Cir. 2008) (cleaned up). In any event, a downward departure would not have made a difference because Walker was immediately released from custody based on the sentence imposed. Finally, we do not find, and Walker does not allege, any indication that the district court abused its discretion in imposing his sentence. Gall v. United States, 552 U.S. 38, 41 (2007) ("[C]ourts of appeals must review all sentences . . . under a deferential abuse-of-discretion standard."). The court properly considered the 18 U.S.C. § 3553(a) factors and articulated its reasons for imposing the sentence. See Montgomery, 525 F.3d at 629.

The judgment of the district court is affirmed.

_____