# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2347

_____

United States of America,                         *
                                                  *
        Plaintiff – Appellee,                    *
                                                  *    Appeal from the United States
    v.                                         *    District Court for the Western
                                                  *    District of Missouri.
Donaciano Alvizo-Trujillo, also known             *
as Donaciano Alvizo,                              *
                                                  *
        Defendant – Appellant.                   *

_____

Submitted: February 14, 2008
Filed: March 31, 2008

_____

Before MELLOY, GRUENDER, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

      Donaciano Alvizo-Trujillo pled guilty to illegal re-entry into the United States in violation of 8 U.S.C. § 1326(a). His applicable Guidelines range was forty-six to fifty-seven months of imprisonment. The district court sentenced Alvizo-Trujillo to forty-six months of imprisonment. Alvizo-Trujillo appeals, arguing that the district court improperly applied a presumption of reasonableness to the Guidelines range in violation of <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007).

# I.

At the sentencing hearing, Alvizo-Trujillo asked the district court to vary downward from the applicable Guidelines range based upon the 18 U.S.C. § 3553(a) factors. Alvizo-Trujillo argued generally that the Guidelines unduly emphasize the objectives of deterrence and incapacitation over the other § 3553(a) factors. Counsel stated, "we believe the range as stated is unreasonably high."

After the government's comments, the district court stated that "[t]he guideline range is presumptively a reasonable range. At least, until the Supreme Court says otherwise, that's the extant law of this Circuit." The district court stated that it was required to consider the § 3553(a) factors, including the imposition of a sentence sufficient but not greater than necessary, and commenced its analysis. The district court was troubled by Alvizo-Trujillo's criminal history, which included kidnaping and attempted rape convictions. The district court also emphasized the need to protect the public from further crimes by Alvizo-Trujillo. The district court stated that this case was a typical illegal re-entry case and also stated that the sentence should reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and avoid unwarranted sentence disparities. The district court then declared: "Considering all of the factors then in 18 USC § 3553, I conclude that a sentence within the guideline range is a reasonable sentence." The district court sentenced Alvizo-Trujillo to forty-six months, the low end of the applicable Guidelines range.

The district court asked Alvizo-Trujillo's counsel if there was anything else, and counsel stated no.

II.

In our review of this sentencing, we "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall v. United States, 128 S. Ct. 586, 597 (2007). If the decision was "procedurally sound," we then review the "substantive reasonableness of the sentence" under the abuse-of-discretion standard considering the totality of the circumstances. Id.

Appellate courts may apply a presumption of reasonableness to a sentence within the Guidelines. Rita, 127 S. Ct. at 2465. But, district courts "may not presume that the Guidelines range is reasonable." Gall, 128 S. Ct. at 596-97; Rita, 127 S. Ct. at 2465 (stating that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply"). In light of Rita, the district court's application of a presumption of reasonableness to the Guidelines range was "a significant procedural error." United States v. Greene, 513 F.3d 904, 907 (8th Cir. 2008) (citing Gall, 128 S. Ct. at 597).

Alvizo-Trujillo failed to object to the district court's presumption that the Guidelines were reasonable, both at the time the district court stated the presumption and after the district court sentenced him. "Procedural sentencing errors are forfeited, and therefore may be reviewed only for plain error, if the defendant fails to object in the district court." United States v. Burnette, No. 07-1476, 2008 WL 637609, at *3 (8th Cir. Mar. 11, 2008). Alvizo-Trujillo argues that he objected to the presumption by his general statement that the Guidelines range was unreasonably high. But that statement was merely commentary and was made before the district court announced the improper presumption and the sentence. Plain error therefore applies. United

States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) ("To preserve an error for appellate review, an objection must be timely and must clearly state the grounds for the objection.") (internal quotation and alteration omitted).

Under plain error review, the defendant must prove an error that is plain and that affects the defendant's substantial rights. Id. at 550. If those conditions are met, we may correct the error "only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. The error in this case was plain. Burnette, 2008 WL 637609, at *4; see Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal—it is enough that an error be 'plain' at the time of appellate consideration").

The error, however, did not affect Alvizo-Trujillo's substantial rights. To affect substantial rights, the error generally must be prejudicial. United States v. Olano, 507 U.S. 725, 735 (1993). "[A]n error is prejudicial if there is a reasonable probability the defendant would have received a lighter sentence but for the error." Burnette, 2008 WL 637609, at *4. In this case, the district court imposed the sentence not as a result of its improper presumption, "but as a result of the district court's assessment of the relevant factors and determination of the minimally adequate sentence, as required by § 3553(a)." Greene, 513 F.3d at 907-08. The district court considered Alvizo-Trujillo's criminal history and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to deter criminal conduct, to protect the public from further crimes, and to avoid unwarranted sentence disparities. The district court "set forth enough to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita, 127 S. Ct. at 2468. Alvizo-Trujillo does not point to any evidence that the district court

was inclined to impose a lighter sentence.  Alvizo-Trujillo suffered no prejudice from the error.

## III.

We affirm the judgment of the district court.

_____