# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2253
No. 08-2445

_____

United States of America,         *
                                *

        Plaintiff-Appellee,    *

                                *  Appeals from the United States
    v.                        *  District Court for the District
                                *  of Minnesota.

Suzula Rose Bidon,         *

                                *  [UNPUBLISHED]
        Defendant-Appellant.   *

_____

Submitted: February 9, 2009
Filed: February 19, 2009

_____

Before BYE, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Suzula Rose Bidon appeals from the district court's[1] sentence of eighteen months following the revocation of her supervised release. We affirm.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

I

On May 4, 2006, Bidon pleaded guilty in the Southern District of New York to conspiracy to possess with the intent to distribute methamphetamine in violation of 21 U.S.C. § 846. Although Bidon was subject to a mandatory minimum sentence of ten years in prison, she satisfied the conditions of 18 U.S.C. § 3553(f) for relief from the mandatory minimum sentence. Her advisory Sentencing Guidelines range was 70-87 months. The district court[2] sentenced Bidon to twelve months imprisonment followed by five years of supervised release. Upon her release from prison, jurisdiction of her supervised release was transferred to the District of Minnesota.

Bidon's supervised release was monitored by United States Probation Officer Lisa Martinetto. At the beginning of her release, Bidon participated in an outpatient treatment program at Regions Hospital. On February 11, 2008, Bidon submitted a urine sample that was not at proper body temperature, which indicated the urine did not come from her. Bidon denied using illegal substances, and Martinetto began testing Bidon with sweat patches. Over the next several weeks, Bidon tested positive for methamphetamine use on six separate occasions. Martinetto then sought – and the district court approved – modification of Bidon's supervised release to include a 120-day stay at a halfway house. Soon thereafter, Bidon arrived at the halfway house late and apparently intoxicated. This same day, Bidon again was caught attempting to submit a false urine sample. A subsequent test was positive for methamphetamine.

On May 30, 2008, the district court held a revocation hearing, and Bidon admitted the violations. The court determined Bidon's conduct was a Grade C violation of her supervised release, which with a Criminal History Category I led to an advisory Guidelines range of 3 to 9 months imprisonment. See U.S. Sentencing Guidelines Manual (U.S.S.G.) § 7B1.4(a). At the hearing, Bidon requested no prison

[2]The Honorable Robert W. Sweet, United States District Judge for the Southern District of New York.

time and instead asked for the opportunity to stay in another halfway house to which she had been accepted. The halfway house required a minimum three-month commitment. In support of her request, Bidon submitted documentation verifying her recent attendance at Narcotics Anonymous and Alcoholics Anonymous meetings, as well as her recent completion of a 21-day inpatient treatment program.

The court noted it had not had an opportunity to review the documents submitted by Bidon. It went on to state:

> It's quite clear to this Court that something has happened that's a little odd in this case. As I understand it, Ms. Bidon received a very low sentence out in New York without a 5K motion, even though she, quote, may have been cooperating, unquote, there's no evidence of any kind of 5K motion.[3]

> So there was something going on there that is unusual, would not probably happen here in this Court. . . . Ms. Bidon is apparently quite manipulative and has manipulated the system, as we say, for some time. The probation officer is quite concerned about that. . . . At the same time, there's this evidence that there's been manipulation going on for some time.

> So, the Court is concerned that we're not being manipulated again or still. . . . I just want you to know what's going through my mind as you go along through this so that you can meet that burden that I have at least in my own mind.

---

[3]This reference is to a district court's authority to depart downward under U.S.S.G. § 5K1.1, which allows a court to depart below a statutory mandatory minimum if the conditions set forth in 18 U.S.C. § 3553(e) have been met. U.S.S.G. § 5K1.1 app. n. 1. Section 3553(e) allows the district court, upon the government's motion, to impose a sentence below the statutory minimum to reflect the defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. 18 U.S.C. § 3553(e).

Bidon responded there was no evidence of any manipulation in the New York proceedings and that any leniency was the result of good advocacy and a judge who is a well-known critic of harsh sentences for drug offenders. Bidon also argued she received a sentence below the mandatory minimum under 18 U.S.C. § 3553(f), which does not require a government motion.

The district court responded:

> But the point I'm making only, is that courts can be had as well as other people be had [sic]. And I want to make sure you understand that in this case because there's been evidence of that going on here, this Court is little [sic] more wary, let's put it that way. You haven't caught the Court unaware, as you do sometime, you see.

The court then went into a long discussion of the merits of the Bureau of Prisons's 500-hour drug treatment program. The court said it felt that the program was Bidon's best chance for treating her addiction, and it noted the sentence "is going to have to be fairly stiff to allow the 500-hour program made to be possible." The court also noted that because of the court system's prior lenient treatment of Bidon, she has not had severe consequences for – and has not learned from – her mistakes. The court then sentenced Bidon to eighteen months in prison, stating:

> And specifically in accordance with Sentencing Guidelines Section 7B1.4, the Court has departed upward because defendant's original sentence was the result of a downward departure and because the additional months of imprisonment will enable the defendant to receive the drug abuse treatment she needs.

After sentencing, Bidon filed a motion for a rehearing based on newly discovered evidence. Bidon submitted records from her New York proceedings, arguing the court improperly sentenced her based upon a belief she manipulated the New York court. The district court denied the motion, stating the "court did not

sentence defendant based on the possibility that she previously 'manipulated' a court in the Southern District of New York." In this appeal, Bidon challenges her sentence.

II

Bidon argues her sentence is procedurally flawed and substantively unreasonable. We review sentences imposed following the revocation of supervised release under the same standard that applies to initial sentencing proceedings. United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008). First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall v. United States, --- U.S. ---, 128 S. Ct. 586, 597 (2007). If there is no procedural error, "we then review the 'substantive reasonableness of the sentence' under an abuse of discretion standard considering the totality of the circumstances." United States v. Bain, 537 F.3d 876, 879-80 (8th Cir. 2008) (quoting United States v. Alvizo-Trujilo, 521 F.3d 1015, 1017 (8th Cir. 2008)).

Bidon first argues the district court committed procedural error by considering an erroneous fact: that she manipulated the New York court to receive a lenient sentence. Bidon is correct that there is no basis to conclude she manipulated the New York court in receiving her twelve-month sentence. She was afforded relief from the statutory minimum under 18 U.S.C. § 3553(f), which does not require a government motion, and her resulting sentence was the product of the court's own reasoning and independent assessment of the circumstances. Bidon's argument fails, however, because the record demonstrates the court did not consider the possibility of manipulation in determining her sentence. Although the district court expressed concern that Bidon's initial sentence of twelve months may have resulted from her

manipulating the system, it unequivocally stated in the order denying Bidon's motion for a rehearing that it did not sentence defendant based upon the possibility that she manipulated another court. Given the district court's clear statement, we do not find that the court considered erroneous information in determining Bidon's sentence. As such, there is no procedural error, and the court did not err in denying Bidon's motion for a rehearing.

Bidon next argues the sentence is substantively unreasonable. Although her advisory Guidelines range was 3 to 9 months, the district court sentenced Bidon to eighteen months in prison. In determining whether the sentence is reasonable, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Austad, 519 F.3d 431, 434 (8th Cir. 2008) (quoting Gall, 128 S. Ct. at 597). In this case, the circumstances support the reasonableness of the district court's eighteen-month sentence. Bidon tested positive for methamphetamine eight times, and she twice attempted to avoid detection by tampering with her samples. Additionally, she received a substantial departure in her initial sentencing. Although the court should not, and did not, consider whether the departure resulted from manipulation, it could still consider the fact that she received a departure regardless of its reason. See U.S.S.G. § 7B1.4 app. n. 4 ("Where the original sentence was the result of a downward departure . . . an upward departure may be warranted"). Furthermore, the district court explained that it imposed a harsher sentence so that Bidon would qualify for the Bureau of Prisons's 500-hour drug treatment program, which is not available for short terms of imprisonment. See United States v. Thornell, 128 F.3d 687, 688 (8th Cir. 1997) (concluding it was not unreasonable for a district court to impose a sentence above the Guidelines so that the defendant would be eligible for the 500-hour drug treatment program). Bidon argues, however, that she is housed in a facility that does not offer the 500-hour drug treatment program. Even so, it is possible Bidon may be transferred to a facility that does offer the program, and, regardless, we do not think the district court abused its discretion in imposing a

sentence for this purpose even if she ultimately is unable to participate in the program because of factors outside the court's control. Therefore, we conclude Bidon's sentence is reasonable.

III

We affirm the district court's orders.

_____