# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2921

———————

United States of America,

            Plaintiff-Appellee,

v.

Jack Leon Elgin,

            Defendant-Appellant.

\*   Appeal from the United States
\*   District Court for the Western
\*   District of Arkansas.

\*   [UNPUBLISHED]

———————

Submitted: April 16, 2009
Filed: June 17, 2009

———————

Before MURPHY, BRIGHT, and BYE, Circuit Judges.

———————

PER CURIAM.

Jack Leon Elgin appeals from the district court's[1] sentence of forty-six months imprisonment following his plea of guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). We affirm.

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

Following his guilty plea to possession of child pornography, a presentence investigation report ("PSR") was prepared, which calculated Elgin's total offense level as 23 and assigned him a Criminal History Category II. Elgin requested a downward departure under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4A1.3(b), arguing a Criminal History Category II over-represents the seriousness of his criminal history. In addition, Elgin filed a Sentencing Memorandum in which he discussed each of the 18 U.S.C. § 3553(a) factors as they related to his case and argued for a below-Guidelines sentence of probation.

At sentencing, the district court granted Elgin's request under U.S.S.G. § 4A1.3(b) and assigned him a Criminal History Category I, which resulted in an advisory Guidelines range of 46 to 57 months imprisonment. The district court went on to discuss recent Supreme Court case law governing the nature of sentencing, noting "[t]hose opinions also stated that the court would consider the sentencing factors in 18 USC 3553(a), the factors to be considered in imposing the sentence, and I assure you that I have and will consider those 3553(a) factors." The court then heard each parties' arguments concerning the appropriate sentence.

Elgin once again argued the court should impose a below-Guidelines sentence of probation. In support of his request, Elgin called two witnesses at sentencing who testified to his overall good character: his ex-sister-in-law and his daughter. In addition, the district court received numerous letters submitted on Elgin's behalf. Elgin's counsel also re-iterated many of the points raised in the Sentencing Memorandum and discussed most the § 3553(a) factors as they related to Elgin. Finally, the court heard a statement from Elgin himself.

After hearing and considering the evidence, the court stated:

> Mr. Elgin, I have reviewed your file, sir, in some detail. I've read all the correspondence from the past several months. . . . I reviewed the Pre-sentence Investigation Report and the Addendum. I've heard your objections. I've reviewed the memorandum submitted by your attorney, and I've heard your comments here today. . . . I also reviewed those sentencing factors reflected in 3553(a), the factors to be imposed -- to be considered in imposing a sentence. I think, Mr. Elgin, the appropriate sentence for you is going to be a Guideline sentence, but it's going to be at the low end of those Guidelines.

The district court then imposed a sentence of 46 months imprisonment to be followed by a ten-year period of supervised release. Challenging his sentence, Elgin filed the instant appeal.

## II

We review Elgin's sentence for an abuse of discretion. United States v. Austad, 519 F.3d 431, 434 (8th Cir. 2008). We must

> first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

Gall v. United States, --- U.S. ---, 128 S. Ct. 586, 597 (2007). If there is no procedural error, "we then review the 'substantive reasonableness of the sentence' under an abuse of discretion standard considering the totality of the circumstances." United States v. Bain, 537 F.3d 876, 879-80 (8th Cir. 2008) (quoting United States v. Alvizo-Trujilo, 521 F.3d 1015, 1017 (8th Cir. 2008)).

Elgin first argues the district court committed procedural error by failing to adequately explain the chosen sentence, noting the district court did not discuss any of the individual § 3553(a) factors as they related to his case. We disagree. Because Elgin did not raise this objection below, we review only for plain error. Id. The district court's responsibility is simply to "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456, 2468 (2008). Notably, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Id.

Because the district court decided simply to apply the Guidelines in this case, a lengthy explanation was not required. The district court mentioned its obligation to consider the § 3553(a) factors several times, and it explicitly stated it had considered those factors. Further, the district court stated it had considered the PSR, the letters submitted on behalf of Elgin, the testimony put forth at the sentencing hearing, and the Sentencing Memorandum, all of which related to § 3553(a) factors and Elgin's arguments for a below-Guidelines sentence. "Where a matter is conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and the arguments, we do not believe the law requires the judge to write more extensively." Id. at 2469 (affirming a district court's explanation that a sentence at the bottom of the Guidelines range was "appropriate").

Elgin also argues his sentence is substantively unreasonable. Elgin was sentenced within the Guidelines range. "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008). Elgin asserts his sentence is substantively unreasonable because it is punitive in nature and fails to take into account his post-arrest rehabilitation. While these may be valid reasons to impose a

below-Guidelines sentence, we find they are insufficient to overcome the presumption of substantive reasonableness accorded Elgin's within-Guidelines sentence.

## III

Accordingly, we affirm.

_____