# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3564
_____

United States of America

*Plaintiff - Appellee*

v.

Henry Mike Watkins, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: September 22, 2023
Filed: January 30, 2024
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Henry Watkins, Jr., was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and sentenced to 202 months' imprisonment. After Watkins successfully moved for resentencing, arguing that application of the armed career criminal enhancement was inappropriate, he was resentenced to 110 months' imprisonment and 3 years of supervised release. Watkins now appeals, claiming the evidence was insufficient to support his conviction and raising several

alleged sentencing errors. Having jurisdiction under 28 U.S.C. § 1291, we vacate Watkins's sentence and remand to the district court for a resentencing.

I.

Watkins was driving his fiancée's car late one night when North Little Rock Police Officer Tyler Grant pulled him over after discovering that the license plate was registered to another vehicle. When Grant approached the vehicle, he noticed that the driver, later identified as Watkins, was the vehicle's sole occupant. Grant also smelled a marijuana odor through the open car window. After Watkins ignored Grant's repeated requests to exit the vehicle and answer his question about whether Watkins had any drugs, Watkins began to reach between the driver's seat and center console. Grant again asked Watkins to exit the vehicle, and Watkins complied. After Grant searched Watkins and the vehicle, he found what he suspected to be cocaine and ecstasy in Watkins's pocket and a 9-millimeter handgun loaded with eight rounds of ammunition on the vehicle's front passenger floorboard. Grant arrested Watkins, and a grand jury indicted him for being a felon in possession of a firearm. Watkins was later convicted by a jury.

Watkins was initially sentenced based on a United States Sentencing Guidelines range of 262 to 327 months' imprisonment, calculated with the armed career criminal enhancement because of two prior drug offenses and a crime of violence. The district court varied downward and sentenced him to 202 months' imprisonment and 3 years of supervised release. Watkins later moved to be resentenced, arguing that under recent Eighth Circuit case law, these prior convictions did not qualify as predicate offenses under the Armed Career Criminal Act. The district court agreed and ordered him to be resentenced. Watkins's Guidelines range was recalculated to 110 to 137 months' imprisonment, adjusted to 110 to 120 months based on the statutory maximum, and 1 to 3 years of supervised release. Watkins objected to the Guidelines calculation, arguing that his offense level should be 20 instead of 24 and no four-level firearm enhancement should apply. The district court overruled Watkins's objections and, after noting its intent to "give

him a low end of the guidelines range" because "nothing ha[d] changed," sentenced him to 110 months' imprisonment and 3 years of supervised release. In orally pronouncing Watkins's sentence, the district court explicitly ordered a term of supervised release with conditions including participation in both substance abuse and mental health treatment programs and the collection of DNA. The district court did not mention any other conditions of supervised release.

Near the end of the hearing, the Government asked the district court for clarification that the sentence was based on the 18 U.S.C. § 3553(a) sentencing factors. In response, the district court acknowledged that this was a resentencing, and that because "this sentence [was] a guideline sentence . . . [it] based [the sentence] on the fact that the guidelines are presumed to be reasonable." Moreover, the district court stated, "I don't know that I applied any of the factors in 3553[(a)]." The Government then submitted that the "sentence is greater [sic], but not more than necessary" to protect the community "based on Mr. Watkins' repeated criminal conduct." The district court then confirmed the Government's statement by saying, "I'll find that. I can make that finding."

Shortly after this hearing, the district court issued the written judgment, which included several conditions of supervised release: those mandated by the Guidelines, the thirteen standard conditions recommended by the Guidelines, and the special conditions mentioned at the hearing—substance abuse and mental health treatment. Watkins now appeals.

II.

Watkins first contends there was insufficient evidence to support his felon-in-possession conviction. A conviction under 18 U.S.C. § 922(g)(1) requires the Government to:

> [P]rove beyond a reasonable doubt that (1) [Watkins] had been previously convicted of a crime punishable by a term of imprisonment

exceeding one year; (2) [Watkins] knowingly possessed a firearm; (3) the firearm was in or affecting interstate commerce; and (4) [Watkins] "knew he belonged to the relevant category of persons barred from possessing a firearm."

United States v. Burning Breast, 8 F.4th 808, 812 (8th Cir. 2021) (citation omitted). At trial, Watkins stipulated to the first and fourth elements, and does not dispute the third on appeal. Rather, he disputes whether the second element was proven, arguing that the Government failed to prove that he knowingly possessed a firearm because no fingerprints linked him to the gun, no one had seen him with that gun before, and the car was owned by his fiancée and occupied by her earlier on the night of Watkins's arrest. "We review the sufficiency of the evidence *de novo*, viewing the evidence and credibility determinations in the light most favorable to the jury's verdict and reversing only if no reasonable jury could have found the defendant guilty." United States v. Ganter, 3 F.4th 1002, 1004 (8th Cir. 2021).

Knowing possession may be shown by actual or constructive possession. United States v. Battle, 774 F.3d 504, 511 (8th Cir. 2014). A person constructively possesses a firearm "if the person has dominion over the premises where the firearm is located, or control, ownership or dominion over the firearm itself." United States v. Tindall, 455 F.3d 885, 887 (8th Cir. 2006) (citation omitted). Knowledge can be proven with circumstantial evidence. Id.

Here, Watkins was the only person in the vehicle. See id. (finding constructive possession where the gun was under the vehicle's passenger seat, the defendant was the driver and sole occupant, and the car was registered to both the defendant and his wife). Before he complied with Grant's request to exit the vehicle, he reached between the driver's seat and the center console. See, e.g., United States v. Chatmon, 742 F.3d 350, 352 (8th Cir. 2014) (jury could reasonably infer defendant was hiding gun in center console where officer saw defendant moving around in vehicle before being pulled over); United States v. Flenoid, 718 F.2d 867, 868 (8th Cir. 1983) (per curiam) (officer's testimony that defendant "ben[t] down

-4-

and reach[ed] under the seat" where weapon was found was sufficient evidence for felon-in-possession conviction).

Moreover, Shawnda Jackson, Watkins's fiancée, explained that the gun was not hers, and while the car was hers, Watkins regularly drove the car and would take her to and from work in it. See Chatmon, 742 F.3d at 353 (jury could reasonably infer that defendant placed gun in vehicle where the only other person who had operated the vehicle testified that the gun was not hers). She testified that she had been in the passenger seat of the vehicle earlier on the night of Watkins's arrest and did not notice a gun. Later in the evening at their home, Jackson awoke to the sound of Watkins starting the vehicle and driving away. Jackson also testified that a couple of weeks before Watkins was arrested, he told her that "his baby momma wanted to sell him a gun," and she urged against it. Finally, in a series of recorded jail phone calls shortly after Watkins's arrest, Jackson asked Watkins why he was "riding around with it" and reminded him of her prior admonition to "quit riding around with it." Jackson also discussed on these calls that she had previously had a conversation with Brittany Canfield, the mother of Watkins's child, in which Canfield asked whether Watkins had been "caught with that," to which Watkins explained that it was not "stolen or nothing." Viewing this evidence together and in the light most favorable to the jury's verdict, there was sufficient evidence for a jury to infer that Watkins knew of and had dominion and control over the gun. Thus, a reasonable jury could conclude beyond a reasonable doubt that Watkins knowingly possessed the gun.

Watkins suggests that someone else could have placed the gun in the vehicle and that there was nothing connecting him to the weapon beyond mere proximity. He points to the testimony that Jackson owned and regularly occupied the vehicle, no one had ever seen him with that particular gun, and no fingerprints were recovered on the gun. While "[t]his testimony could have permitted the jury to conclude that [someone else]—rather than [Watkins]—placed the firearm in the vehicle . . . the jury did not draw that inference." Id. Moreover, "[t]he facts and circumstances relied on by the government must be consistent with guilt, but they need not be

inconsistent with any other hypothesis." Id. (citation omitted). Because the Government presented sufficient evidence of knowing possession, we affirm Watkins's felon-in-possession conviction.

III.

Watkins also claims the district court committed multiple procedural errors during sentencing. "In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." United States v. Barker, 556 F.3d 682, 689 (8th Cir. 2009).

"'Procedural error' includes 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . .'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). A district court also may not "presum[e] that the Guidelines range is reasonable." Id.

Watkins argues first that the district court incorrectly calculated the Guidelines range because it erroneously applied both a four-level enhancement under USSG § 2K2.1(b)(6)(B) and a base offense level of 24 under § 2K2.1(a)(2). He also argues that the district court procedurally erred because it did not consider the 18 U.S.C. § 3553(a) factors and presumed the Guidelines range to be reasonable.

A.

First, we find no procedural error in the district court's application of § 2K2.1(b)(6)(B)'s four-level enhancement. Under USSG § 2K2.1(b)(6)(B), an "offense level increases by four levels if the defendant 'used or possessed any firearm or ammunition in connection with another felony offense.'" United States v. Mitchell, 963 F.3d 729, 731 (8th Cir. 2020) (citation omitted). Where the other felony offense is drug possession, this enhancement applies "if the firearm or

ammunition facilitated, or had the potential of facilitating, another felony offense." United States v. Walker, 900 F.3d 995, 997 (8th Cir. 2018) (quoting USSG § 2K2.1(b)(6)(B), comment. (n.14(A))). A district court should "affirmatively make a finding that the weapon . . . facilitated the drug offense before applying the adjustment" when the defendant "possesses a 'user' amount of drugs and is not a trafficker." United States v. Blankenship, 552 F.3d 703, 705 (8th Cir. 2009). While we "strongly encourage[] district courts to make clear they are applying the proper § 2K2.1(b)(6)(B) standard with an explicit 'facilitate' finding," we will "not reverse 'merely because a specific "facilitate" finding was not made,' because Application note 14(A) 'does not mandate a specific finding.'" Mitchell, 963 F.3d at 732 (citations omitted). When "'the record makes clear the district court understood and properly applied the "facilitate" standard of note 14(A)' in finding possession of a firearm in connection with a felony drug offense, there is no error of law." Id.

During the sentencing hearing, Watkins objected to the Presentence Investigation Report's (PSR) recommendation that the § 2K2.1(b)(6)(B) four-level enhancement should apply because he maintained that the firearm was not used in connection with another felony offense. The district court overruled this objection. While the district court did not affirmatively make a finding that the gun facilitated Watkins's possession of a controlled substance, another felony offense, "[t]he record here is clear." Id. Watkins was driving a vehicle by himself, a loaded handgun was found in the passenger floorboard of the vehicle, and illegal drugs were in his pocket. See United States v. Sneed, 742 F.3d 341, 344-45 (8th Cir. 2014) ("The 'facilitate' standard may be met 'when a defendant concurrently possesses drugs and a firearm while in public, *like in a car*.'" (emphasis added) (citation omitted)); United States v. Swanson, 610 F.3d 1005, 1006-08 (8th Cir. 2010) (finding facilitate standard met where both the drugs in defendant's coat pocket and loaded gun between driver's seat and center console were in his "immediate reach"); United States v. Quinn, 812 F.3d 694, 700 (8th Cir. 2016) ("[A] defendant's possession of a firearm with a personal-use amount of illegal drugs can meet [the facilitate] standard.").

While we reiterated in <u>Walker</u> that "'a temporal and spa[t]ial nexus between the drugs and firearm[],' standing alone, is insufficient to establish that the firearm[] facilitated . . . drug possession," in that case, the firearm was in the vehicle's locked trunk, the drugs were on the floorboard, and the defendant was not the sole occupant of the vehicle. <u>Walker</u>, 900 F.3d at 997. This case is less like <u>Walker</u> and more like <u>Sneed</u> and <u>Swanson</u> because Watkins had illicit drugs in his pocket and a weapon nearby on the passenger floorboard. Despite the district court's lack of an affirmative finding that the gun facilitated Watkins's drug possession, the record supports such a finding, so there was no error in the district court's application of the four-level enhancement.

We also find no error in the district court's increase of Watkins's base offense level from 20 to 24 based on a prior Arkansas controlled-substance conviction. <u>See</u> USSG § 2K2.1(a)(2). Watkins argues that this base offense level was incorrect because the Arkansas statute, as it existed at the time of that offense, criminalized hemp, which is not criminalized under federal law. Thus, he explains, his prior conviction does not qualify as a controlled-substance offense under § 2K2.1(a)(2). "We review *de novo* whether a prior conviction is a sentencing enhancement predicate." <u>United States v. Henderson</u>, 11 F.4th 713, 716 (8th Cir. 2021), <u>cert. denied</u>, 142 S. Ct. 1696 (2022). <u>Henderson</u> addressed and rejected the argument that Watkins makes, finding that when a district court increases a base offense level because of a prior controlled substance offense, "[t]here is no requirement that the particular substance underlying the state offense is also controlled under a distinct federal law." <u>Id.</u> at 718. While Watkins urges us to reject <u>Henderson</u>'s holding, "[i]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." <u>Mader v. United States</u>, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (citation omitted). We therefore find no error in the district court's determination of Watkins's base offense level.

B.

Watkins next asserts that the district court procedurally erred because it presumed that the Guidelines were reasonable and failed to consider the § 3553(a) factors. Watkins failed to object on both of these grounds before the district court, so we review for plain error. United States v. Alvizo-Trujillo, 521 F.3d 1015, 1018 (8th Cir. 2008). This requires Watkins to show "an error that is plain and that affects [his] substantial rights." Id. Further, where these conditions are satisfied, "we may correct the error 'only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (alteration in original) (quoting United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc)). "'An error affects a substantial right if the error was prejudicial,' but an error is prejudicial in the sentencing context 'only if there is a reasonable probability that the defendant would have received a lighter sentence but for the error.'" United States v. Grimes, 702 F.3d 460, 470 (8th Cir. 2012) (citation omitted). But, "[w]here the effect of the error on the result in the district court is uncertain or indeterminate—where we would have to speculate—the appellant has not met his burden of showing a reasonable probability" that the district court would have imposed a lighter sentence absent the error. United States v. Light, 406 F.3d 995, 1000 (8th Cir. 2005) (citation omitted).

We agree with Watkins that it was plainly erroneous for the district court to presume the Guidelines range was reasonable and to adopt a sentence without considering the factors in § 3553(a). See Nelson v. United States, 555 U.S. 350, 350-52 (2009) (per curiam) ("We think it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness," which "constitutes error," where judge stated that "the Guidelines are considered presumptively reasonable"); Alvizo-Trujillo, 521 F.3d at 1017-18 (finding significant procedural error where district court stated that "[t]he guideline range is presumptively a reasonable range"); Feemster, 572 F.3d at 461 (explaining that while "[w]e do not require a district court to provide a mechanical recitation of the § 3553(a) factors," it should "be clear from

-9-

the record that the district court actually considered the § 3553(a) factors in determining the sentence" (alteration in original) (citation omitted)).

Moreover, these procedural errors, coupled with the fact that Watkins's original sentence was a 60-month downward variance, demonstrate a reasonable probability that Watkins would have received a lighter sentence but for the errors. Cf. Molina-Martinez v. United States, 578 U.S. 189, 198 (2016) (finding "a reasonable probability of a different outcome" where district court sentenced defendant to a term of imprisonment that was at the bottom end of his incorrectly calculated Guidelines range but in the middle of the correctly calculated Guidelines range); United States v. Combs, 44 F.4th 815, 818 (8th Cir. 2022) (per curiam) (finding defendant's substantial rights affected where, despite the fact that the district court's downward variance was at the bottom of the defendant's correct Guidelines range, the Court could not "rule out the possibility that the [district] court might have reduced the sentence even further if it had not" erroneously calculated the Guidelines range). Importantly, by presuming the Guidelines to be reasonable during the resentencing, the district court effectively took the possibility of a downward variance off the table. Finally, we find that failing to correct the district court's errors would "seriously affect the fairness, integrity, or public reputation of judicial proceedings." Alvizo-Trujillo, 521 F.3d at 1018. Having demonstrated plain error, we must vacate Watkins's sentence.

## IV.

Accordingly, we affirm Watkins's conviction but vacate his sentence.[1]  We remand to the district court for a resentencing consistent with this opinion.

_____

_____

[1]We acknowledge Watkins's final argument that the standard conditions of supervised release included in the written judgment should be vacated because they allegedly conflict with the oral pronouncement and the Government's response directing our attention to our recent decision in United States v. Walker, 80 F.4th 880 (8th Cir. 2023).  Because we have vacated Watkins's entire sentence on other grounds, we need not reach the merits of this argument.

-10-