# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2930
_____

United States of America

*Plaintiff - Appellee*

v.

Nethaniah Gordon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: April 12, 2024
Filed: August 5, 2024

_____

Before LOKEN, MELLOY, and KOBES, Circuit Judges.

_____

LOKEN, Circuit Judge.

Nethaniah Gordon pleaded guilty in March 2023 to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He has a prior 2013 conviction for Possession of Marijuana with Intent to Deliver in violation of Iowa Code § 124.401(1)(d). In preparing Gordon's Presentence Investigation Report ("PSR"), the United States Probation Office concluded this was a controlled

substance offense under § 2K2.1(a)(1) of the advisory sentencing guidelines, which provides that an offender's base offense level is 26:

> if (A) the offense involved a (I) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. § 5845(a); and (B) the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense.

As Gordon also has a prior conviction for a crime of violence,[1] the PSR determined that his base offense level is 26 and applied a four-level increase for use of a firearm in connection with another felony offense because he violated several Iowa felony statutes in committing the offense of conviction.[2] See § 2K2.1(b)(6)(B). The PSR recommended a three-level reduction for acceptance of responsibility. See § 3E1.1. Gordon is in Criminal History Category III, resulting in an advisory guidelines sentencing range of 87 to 108 months imprisonment.

Gordon timely objected to the increased base offense level, arguing the Iowa conviction for Possession of Marijuana with Intent to Deliver is not a predicate controlled substance offense under the Guidelines. At the August 2023 hearing, the

---

[1]In 2021, Gordon was convicted of Assault with Intent to Inflict Serious Injury, in violation of Iowa Code § 708.2(1). Gordon objected to the characterization in the PSR of the facts giving rise to that conviction, but did not dispute that the conviction was for a crime of violence.

[2]Assault While Using or Displaying a Dangerous Weapon, Iowa Code §§ 708.1(2)(c) and 708.2(3); Domestic Abuse Assault While Using or Displaying a Dangerous Weapon, Iowa Code § 708.2A(2)(c); Intimidation with a Dangerous Weapon, Iowa Code § 708.6; and Harassment, First Degree, Iowa Code § 708.7(2).

district court[3] heard brief argument and overruled the objection, concluding that binding Eighth Circuit law foreclosed Gordon's argument. The court adopted the PSR in full and sentenced Gordon to 96 months imprisonment to be followed by three years of supervised release. Gordon appeals, renewing his argument that his Iowa marijuana conviction is a not a controlled substance offense under the Guidelines, an issue we review *de novo*. See United States v. Henderson, 11 F.4th 713, 716 (8th Cir. 2021), cert. denied. 142 S. Ct. 1696 (2022).

In Henderson, we held that USSG § 4B1.2(b) broadly defines "controlled substance offense" to include "an offense under . . . state law," even if the particular substance underlying the state offense is not controlled under the Controlled Substances Act. "There is no textual basis to graft a federal law limitation onto [this] career offender guideline." 11 F.4th at 718-19. There is a circuit split on this Guidelines interpretation issue. Id. at 719.[4]

The Guidelines question in this case is whether the sentencing court must look to a substance controlled under state law at the time of a prior state conviction, or at the time of defendant's federal sentencing for the offense of conviction. At the time Gordon was convicted of Possession of Marijuana with Intent to Deliver, the Iowa

---

[3]The Honorable C.J. Williams, now Chief Judge of the United States District Court for the Northern District of Iowa.

[4]In Brown v. United States, 144 S. Ct. 1195, 1201 (2024), the Supreme Court recently resolved a different conflict in the circuits -- "whether a state crime constitutes a 'serious drug offense' [that qualifies as a predicate offense under the Armed Career Criminal Act (ACCA)] if it involved a drug that was on the federal schedules when the defendant possessed or trafficked in it but was later removed." The Court held the crime qualifies if the state and federal definitions "matched" at the time of the prior offense, rejecting our contrary conclusion in United States v. Perez, 46 F.4th 691, 698-701 (8th Cir. 2022). Id. at 1203. This would seem to indicate agreement with our decision in Henderson, but Guidelines and ACCA issues require distinct analyses.

statute defined marijuana to include hemp, which has a lower concentration of tetrahydrocannabinol ("THC") than other cannabis substances.  See Iowa Code § 124.101(19) (2013).  In 2019, the Iowa Legislature amended the law to legalize the possession of hemp.  See Iowa Code § 124.401(6).  Hemp is no longer a controlled substance under the federal Controlled Substances Act.  See 21 U.S.C. § 802(16).  Therefore, Gordon argues, his prior Iowa conviction is not a controlled substance offense in determining his base offense level for this offense, invoking the "bedrock" rule that sentencing courts must use the Guidelines Manual "in effect on the date the defendant is sentenced."  18 U.S.C. § 3553(a)(4)(A)(ii).

As Gordon acknowledges, in United States v. Bailey, 37 F.4th 467 (8th Cir. 2022), cert. denied, 143 S. Ct. 2437 (2023), we rejected this same attempt to distinguish Henderson.  Under the Guidelines, we concluded, we must look at whether the substance underlying a prior conviction was a controlled substance under state law at the time of that sentencing, and therefore "prior marijuana convictions under the hemp-inclusive version of Iowa Code § 124.401(1)(d) categorically qualify as controlled substance offenses."  Id. at 469-70, quoting United States v. Jackson, No. 20-3684, 2022 WL 303231, at *2 (8th Cir. Feb. 2, 2022), cert. denied, 143 S. Ct. 172 (2022).  There is a circuit split on this Guidelines issue as well, but the Supreme Court has not addressed either issue.

Gordon acknowledges that Bailey is binding on our panel.  He offers several arguments that Bailey was wrongly decided, but we are bound by our prior panel's decision.  See United States v. Watkins, 91 F.4th 955, 963 (8th Cir. 2024).  Accordingly, the judgment of the district court is affirmed.

_____