# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-1636

———————————————

United States of America

*Plaintiff - Appellee*

v.

Cleophus Humphrey

*Defendant - Appellant*

———————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

———————

Submitted: March 17, 2025
Filed: April 9, 2025
[Unpublished]

———————

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Cleophus Humphrey was convicted at a bench trial of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court[1] sentenced him to 180 months in prison and three years of supervised

---

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

release. He appeals the conviction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Humphrey believes the evidence was insufficient to support his conviction. This court reviews the sufficiency of the evidence de novo, "viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." *United States v. Golden*, 44 F.4th 1129, 1132 (8th Cir. 2022).

The evidence showed Humphrey knowingly possessed a firearm. The court heard testimony from the Arkansas state trooper who stopped Humphrey for not wearing a seatbelt. Humphrey was the sole occupant of the car. The trooper testified that he did not immediately pull over. Before the trooper approached the car, Humphrey appeared to be "concealing something inside of the vehicle or moving something around." Humphrey admitted to the trooper that there was a .38 caliber pistol inside. The trooper found it in the center console.

Humphrey testified he only first saw the pistol after being pulled over. But this testimony was doubtful; his brother testified that Humphrey had been driving the car for three weeks. *See United States v. Bowie*, 618 F.3d 802, 814 (8th Cir. 2010) ("It is the function of the [trier of fact], not an appellate court, to resolve conflicts in testimony or judge the credibility of witnesses."). It was also contradicted by the trooper's testimony that Humphrey appeared to conceal something before exiting the car. *See United States v. Flenoid*, 718 F.2d 867, 868-69 (8th Cir. 1983) (holding that the officer's testimony that he saw the defendant "bend down and reach under the seat" where the weapon was found was sufficient to show he actually possessed the firearm).

Humphrey asserts the government failed to prove knowing possession because there were no fingerprints or DNA evidence on the pistol. But DNA evidence is not necessary to show knowing possession. *See United States v. Bridgeforth*, 772 Fed. Appx. 371, 373 (8th Cir. 2019) (finding sufficient evidence of

-2-

possession of a firearm where defendant was sole occupant of the car and there was no DNA or fingerprint evidence).

Based on the evidence, the district court did not err in concluding that Humphrey knowingly possessed the firearm. *See United States v. Watkins*, 91 F.4th 955, 960-61 (8th Cir. 2024) (finding sufficient evidence of knowing possession where defendant was the only person in the car, which did not belong to him, and before he complied with officer's request to exit, he reached between the driver's seat and the center console where the gun was found); *United States v. Griffith*, 786 F.3d 1098, 1103 (8th Cir. 2015) (this court has "repeatedly found that when the sole occupant of a vehicle is found with a gun in the vehicle, this evidence is normally sufficient to uphold the conviction").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____