# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2212
_____

United States of America

*Plaintiff - Appellee*

v.

Verlynin Buckley

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: June 13, 2025
Filed: July 29, 2025
_____

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.
_____

ARNOLD, Circuit Judge.

After Verlynin Buckley pleaded guilty to being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), the district court[1] determined that he was an armed career criminal and sentenced him to 180 months in prison. Buckley maintains on

---

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

appeal that the court erred by deeming him an armed career criminal. We disagree and so affirm.

The Armed Career Criminal Act mandates at least fifteen years in prison for defendants convicted of being a felon in possession of a firearm when they have three or more prior convictions for a "violent felony" or a "serious drug offense." *See id.* § 924(e)(1). Buckley concedes that he has one prior conviction for a violent felony. In determining that Buckley was an armed career criminal, the district court held that Buckley's prior Arkansas convictions for possessing cocaine with the purpose to deliver it, *see* Ark. Code Ann. § 5-64-420(a)(1) (2011), and for delivering cocaine, *see id.* § 5-64-422(a) (2011), were serious drug offenses under the ACCA.

The ACCA defines a "serious drug offense" to include a state conviction punishable by ten or more years in prison involving the distribution or possession with the intent to distribute "a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))." *See* 18 U.S.C. § 924(e)(2)(A)(ii). Buckley doesn't dispute that his prior convictions involve prohibited activity subjecting him to ten or more years in prison; he merely contends that his prior convictions didn't involve a controlled substance. But the Controlled Substances Act says that a "controlled substance" is a drug included in the federal drug schedules. *See* 21 U.S.C. § 802(6). At the time Buckley committed his state offenses, *see Brown v. United States*, 602 U.S. 101, 123 (2024), the federal drug schedules included cocaine. *See* 21 U.S.C. § 812(c), sched. II(a)(4) (2011). Because his state offenses also involved cocaine, they are serious drug offenses under the ACCA.

Buckley resists this straightforward reasoning by arguing that Arkansas law defines cocaine more broadly than federal law, and so it's possible he was convicted of crimes involving substances that aren't controlled substances under the Controlled Substances Act. When considering whether a state offense is a serious drug offense, "we apply a categorical approach that looks to the statutory definition of the prior

offense, not to the facts underlying a defendant's prior conviction," and we compare it to the federal definition at issue. *See United States v. Perez*, 46 F.4th 691, 698 (8th Cir. 2022), *abrogation on other grounds recognized by*, *United States v. Gordon*, 111 F.4th 899, 901 n.4 (8th Cir. 2024). "If the state offense sweeps more broadly, or punishes more conduct than the federal definition, the conviction does not qualify as a predicate offense." *United States v. Heard*, 62 F.4th 1109, 1112 (8th Cir. 2023).

Buckley asserts that his state offenses sweep too broadly because the Arkansas drug schedules include isomers of cocaine that the federal schedules don't. Isomers, we have explained, are "molecules that share the same chemical formula but have their atoms connected differently, or arranged differently in space," and we've acknowledged that cocaine has multiple isomers. *See United States v. Owen*, 51 F.4th 292, 295 (8th Cir. 2022) (per curiam). Buckley points out that the federal schedule refers only to cocaine's optical and geometric isomers, *see* 21 U.S.C. § 812(c), sched. II(a)(4) (2011), while the Arkansas drug schedule mentions cocaine's "isomers" without specifying that only optical and geometric isomers are included. *See* Ark. Admin. Code § 007.07.2, sched. II(b)(4) (2011). We have held that a state's definition of cocaine that includes "isomers" encompasses all types of isomers, not just optical and geometric ones. *See Owen*, 51 F.4th at 295–96. And so where a state's definition of cocaine includes even one additional isomer, the state crime is categorically overbroad and cannot serve as an ACCA predicate. *See id.* at 296; *see also United States v. Myers*, 56 F.4th 595, 598–99 (8th Cir. 2022).

We nonetheless reject Buckley's contention because it rests on a faulty premise: There's no reason to believe that Arkansas intended to define "cocaine" as used in §§ 5-64-420 or 5-64-422 by incorporating Arkansas's drug schedules, as opposed to giving cocaine its ordinary meaning. For one thing, neither statute mentions the schedules or directs the reader's attention to the schedules for a definition of cocaine. Furthermore, there's no reason to believe that the enumeration of drugs in the drug schedules was meant to be anything other than a catalogue of

substances that the state regulates or prohibits. In other words, the drug schedules don't purport to define; they purport to organize and list. If the relevant Arkansas drug schedule listed caffeine in addition to cocaine, that wouldn't mean that Buckley might have been convicted of caffeine offenses, rendering his convictions overbroad. His crimes of conviction still involve cocaine and nothing else because the statutes of which he stands convicted refer only to cocaine (and methamphetamine, but nobody argues that is a relevant matter), not to a schedule of substances that might include more substances than the federal schedule.

To determine whether a state statute is overbroad, we must examine its "text and structure." *See Owen*, 51 F.4th at 294. The text and structure of Arkansas's drug statutes are what distinguishes this case from others where we've held that state drug statutes were overbroad. *See Heard*, 62 F.4th at 1113; *Myers*, 56 F.4th at 598; *Owen*, 51 F.4th at 296; *Perez*, 46 F.4th at 701; *United States v. Oliver*, 987 F.3d 794, 807 (8th Cir. 2021). In each of these cases, the defendant's prior conviction specifically alluded to broadly worded definitions of drugs found in drug schedules or elsewhere. In *Owen*, for example, we recognized that a Minnesota statute defined cocaine more broadly than federal law. *See Owen*, 51 F.4th at 295–96 (citing Minn. Stat. § 152.01, subd. 3a). Or take *Myers*, where a defendant's prior conviction was for distributing a controlled substance, *see Myers*, 56 F.4th at 597 (citing Mo. Rev. Stat. § 195.211 (2000)), and Missouri defined "controlled substance" by incorporating its drug schedules, *see* Mo. Rev. Stat. § 195.010(5) (2000). For good measure we also noted there that Missouri courts had interpreted Missouri law as criminalizing all isomers of cocaine. *See Myers*, 56 F.4th at 598–99. Buckley hasn't directed our attention to any similar Arkansas decisions. But even if Arkansas law criminalizes all isomers of cocaine as Missouri does, there's no indication that Arkansas courts would find defendants who deal with those isomers guilty of the offenses that Buckley was convicted of. That's because other Arkansas statutes appear to apply when cocaine isomers are involved in a crime. *See, e.g.*, Ark. Code Ann. §§ 5-64-424(a), -426(b) (2011).

In addition, had the Arkansas legislature wanted the term cocaine, as used in Buckley's statutes of conviction, to mean something beyond its ordinary sense, it would likely have focused on a different statutory provision from the drug schedules. Ark. Code Ann. § 5-64-101(16)(B)(iv) (2011) specifically defines "[n]arcotic drug" to include "[c]ocaine, its salts, optical and geometric isomers, and salts of isomers." If it had intended to expand the meaning of the word cocaine, it's improbable that the legislature would have chosen to incorporate the drug schedules when a handy, more specific statutory enumeration that was a better fit was available to it.

In sum, the district court correctly concluded that Buckley's prior cocaine convictions under Arkansas law were serious drug offenses under the ACCA, and so it properly sentenced him as an armed career criminal.

Affirmed.

_____