# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2561

_____

United States of America

*Plaintiff - Appellee*

v.

Dale Ganaway Lucas, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa

_____

Submitted: October 20, 2025
Filed: January 27, 2026
[Unpublished]

_____

Before SMITH, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Dale Lucas, Jr. pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  After determining Lucas was a career offender, the district

court[1] calculated his United States Sentencing Guidelines (Guidelines or U.S.S.G.) range as 262 to 327 months of imprisonment and sentenced him to 180 months.

On appeal, Lucas contends the district court erred in applying the career offender enhancement under U.S.S.G. § 4B1.1(b)(1) because he has not been convicted of two predicate offenses. He claims his 2014 conviction for possession with intent to deliver a controlled substance under section 401 of the Illinois Controlled Substances Act (720 Ill. Comp. Stat. 570/401) is not a predicate offense because Illinois defines "controlled substance" more expansively than federal law.

As Lucas acknowledges, we have held the Guidelines define the term "controlled substance offense" broadly to include state law drug offenses. *See United States v. Henderson*, 11 F.4th 713, 718 (8th Cir. 2021). In so doing, we rejected the same argument Lucas makes, as "there is no textual basis to graft a federal law limitation onto a career-offender guideline that specifically includes in its definition of controlled substance offense, 'an offense under . . . state law.'" *Id.* at 718–19 (quoting U.S.S.G. § 4B1.2(b)). Although Lucas argues *Henderson* was incorrectly decided, "we are bound by our prior panel's decision." *United States v. Gordon*, 111 F.4th 899, 901 (8th Cir. 2024). Accordingly, the district court did not err in determining Lucas was a career offender.

Lucas also argues the district court procedurally erred in calculating the drug quantity it used for his base offense level. *See United States v. Johnson*, 75 F.4th 833, 846 (8th Cir. 2023) (standard of review). The district court may base its drug quantity calculation on "imprecise evidence so long as the record reflects a basis for the court's decision" and "may consider all transactions known or reasonably foreseeable to the defendant that were made in furtherance of [a] conspiracy." *Id.* (first quoting *United States v. Yellow Horse*, 774 F.3d 493, 497 (8th Cir. 2014); and

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

then quoting *United States v. Sainz Navarrete*, 955 F.3d 713, 720 (8th Cir. 2020)). Based on the record, the district court did not clearly err.

The district court relied on two confidential informants to determine the drug quantity for which Lucas was responsible. The first confidential informant worked with Lucas to buy and sell cocaine, and she explained they generally acquired one-half to one kilogram of cocaine every two to three weeks. This informant stated that she and Lucas purchased a full kilogram of cocaine approximately nine or ten times. The second confidential informant stated that Lucas purchased cocaine from him for approximately six months, buying two to twelve ounces at a time. This evidence sufficiently supports the district court's finding that Lucas was responsible for the distribution of 2,350.5 grams of cocaine. *See United States v. Blair*, 93 F.4th 1080, 1086 (8th Cir. 2024) (concluding the district court did not clearly err by relying on confidential informant and cooperating witness testimony to determine drug quantity calculation).

We reject Lucas's contention that the district court's drug quantity finding improperly rests on unreliable hearsay.[2] Whether hearsay evidence is sufficiently reliable is a decision "committed to the sound discretion of the district court." *United States v. Sheridan*, 859 F.3d 579, 583 (8th Cir. 2017) (quoting *United States v. Pratt*, 553 F.3d 1165, 1170 (8th Cir. 2009)). The court may "rely on relevant hearsay or other evidence 'without regard to its admissibility under the rules of evidence applicable at trial,' so long as that evidence possesses 'sufficient indicia of reliability to support its probable accuracy.'" *Id.* (quoting U.S.S.G. § 6A1.3(a)). The reliability of "hearsay and double hearsay evidence" is based on "the consistency of the hearsay testimony, the timing and nature of the declarant's statements, and the witness's impressions of the declarant's demeanor, as well as other corroborating evidence."

---

[2]As the district court noted, its drug quantity determination did not affect Lucas's Guidelines range because he is a career offender. However, the district court did use the drug quantity when calculating an alternative Guidelines range that would have applied *if* Lucas were not a career offender, and it considered this alternative range when it imposed its ultimate sentence.

*Id.* Lucas has not given us any reason to second-guess the district court's reliance on the confidential informants' testimony, which was internally consistent and corroborated by four controlled buys that law enforcement made from Lucas during the time period in which he and the first informant sold cocaine they purchased from the second informant.

Lucas next contends the district court erred by imposing sentencing enhancements sua sponte that were not advanced by the government. Specifically, he argues the district court applied an alternative Guidelines range based on unlawful manufacturing, importing, exporting, or trafficking, *see* U.S.S.G. § 2D1.1(b)(12), and aggravating role, *see id.* § 3B1.1(c), enhancements without adequate evidence. We need not consider whether these enhancements were proper, however, because the district court made clear its ultimate sentence was not based on them. Indeed, the court explained these enhancements would have applied "if this were not a career offender case." Thus, the district court did not procedurally err by considering these sentencing enhancements sua sponte.

Last, Lucas argues his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Lucas's 180-month sentence is 82 months below the bottom of the applicable Guidelines range, and nothing in the record otherwise suggests it is unreasonable. *See United States v. Barraza*, 982 F.3d 1106, 1116 (8th Cir. 2020) ("When a district court varies downward and sentences below a presumptively reasonable Guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." (quoting *United States v. Canamore*, 916 F.3d 718, 721 (8th Cir. 2019))). Consequently, the district court did not abuse its discretion because the sentence imposed was not substantively unreasonable.

For these reasons, the district court's judgment is affirmed.

_____